SAMUEL D. COYKENDALL, Respondent, v. STEPHEN D. HOOD, as Chief of Police of the City of Kingston, Appellant.

*Equity — an injunction will not issue to prevent the enforcement of a municipal ordinance — the question as to its validity is one of law.*

A court of equity will not interfere by injunction to restrain the chief of police of a municipality from the enforcement of the criminal law against a party charged with violating a municipal ordinance, the violation of which is made a misdemeanor, except, possibly, in extreme cases, to prevent a grave injustice and an irreparable injury.

The validity of a municipal ordinance is a question of law and not of equitable cognizance, and a court of equity will not entertain an action for the sole or principal purpose of determining that question.

APPEAL by the defendant, Stephen D. Hood, as chief of police of the city of Kingston, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Ulster on the 15th day of September, 1898, granting an injunction *pendente lite* restraining the said defendant, his subordinates, agents and servants, from in any manner interfering with the merry-go-round of the plaintiff at Kingston Point Park in the city of Kingston, New York, and from attempting to enforce an ordinance of said city prescribing a license fee for operating merry-go-rounds.

The plaintiff being the owner of a tract of land in the city of Kingston which adjoins the dock where boats plying upon the Hudson river landed daily, made improvements thereon, erected a pavilion with benches and seats, laid out walks, flower beds, drives, etc., with summer houses, lighting the grounds with electricity. Among other means of attracting and pleasing his guests he constructed a merry-go-round, which was placed in a permanent building on said land.

The defendant is the chief of police of the city of Kingston. Under subdivision 21 of section 120 of chapter 747 of the Laws of 1896, the common council of that city has power, by ordinance, "to regulate by license or prohibit the exhibition of any circus, caravan, theater, curiosities, tricks of legerdemain, or other shows or entertainments."

Pursuant to such power, in November, 1896, it passed an ordinance, section 2 of which reads as follows: "It shall be unlawful

for any person, persons or corporation to have or give any public entertainment or exhibition of any character in said city, without a license therefor from the city clerk, countersigned by the mayor. Any person, persons or corporation shall pay a fee for such license as follows." Then follows an enumeration of various shows and entertainments, with the license fees for each; among them occurs the following : " For merry-go-around, per day, $2.00."

Section 7 of the ordinance provides that " Any person, persons or corporation violating any of the provisions or sections of this ordinance, or any part thereof, shall be deemed guilty of a misdemeanor."

Subdivision 52 of section 120 of chapter 747 of the Laws of 1896 provides that. " Every person or corporation offending against any ordinance of said city is guilty of a misdemeanor, and upon conviction shall be punished by a fine or imprisonment, or both, in the discretion of the court before which such conviction is had."

The plaintiff refused to take out any license for operating his merry-go-round ; the defendant thereupon sent one of his officers to the grounds of the plaintiff, who forbade the operating of such merry-go-round, and ordered it closed. This action was thereupon commenced against the mayor of the city of Kingston, and the defendant, as chief of police of the city of Kingston, demanding judgment " That the defendants, or their agents, subordinates or employees, be restrained and enjoined from in any manner interfering with said merry-go-round during this suit and after." And also demanding a money judgment in the sum of $200, and such further and other relief as may be proper.

Subsequently, upon stipulation, the suit was discontinued as against the mayor of the city of Kingston. An injunction was granted pending the determination of the action restraining the defendant, as chief of police of the city of Kingston, his subordinates, agents and servants, from in any manner interfering with the merry-go-round of the plaintiff, and from attempting to enforce said ordinance of said city against the plaintiff in connection with the operation of said merry-go-round ; and from the order granting such injunction the appeal now here is taken.

*John W. Searing,* for the appellant.

*Amos Van Etten,* for the respondent.

HERRICK, J.:

The statute under which the ordinance was passed, as well as the ordinance itself, made its violation a crime. The same statute also provides as follows : " Any city officer or other person may, and the chief of police and every policeman and every police officer of the city shall, with or without process arrest, detain and take before the recorder of said city every person committing a violation of any ordinance of the common council when the offense is committed in his presence." (Laws of 1896, chap. 747, § 52.)

This injunction prevents obedience to that statute ; it restrains and enjoins the enforcement of the criminal law ; it enjoins and restrains the police authorities of the city of Kingston from arresting the plaintiff, his agents or servants, for perpetrating a crime, to wit, the violation of such ordinance.

In *Burch* v. *Cavanaugh* (12 Abb. Pr. [N. S.] 110), LEARNED, J., said : " I am not aware that injunctions are granted to restrain threatened arrests, and this is for a very good reason. If a person is illegally arrested, he has the prompt and efficacious relief by *habeas corpus*, and he has also redress from the wrong by an action of damages. Injury by an illegal arrest is not of such an irreparable nature that it cannot be compensated in damages." (See, also, *Murphy* v. *Board of Police of N. Y.*, 11 Abb. N. C. 337 ; *Kramer* v. *Police Department of N. Y.*, 53 N. Y. Super. Ct. 492.) It may be laid down as a general rule, I think, that equity will not interfere by injunction to restrain the enforcement of the criminal laws. (*Davis* v. *American Society, etc.*, 75 N. Y. 362 ; *Matter of Sawyer*, 124 U. S. 200.)

There may be exceptions to this general rule, and extreme cases may arise where an injunction may be proper to prevent a grave injustice and an irreparable injury.

In *Wood* v. *City of Brooklyn* (14 Barb. 425) an injunction was granted restraining the city authorities from enforcing so much of their ordinance as in effect prohibited the sale of spirituous liquors by innkeepers to their lodgers and lawful travelers on Sunday, pursuant to their licenses. In that case the ordinance apparently provided for a trial of the alleged offender without a jury, and the plaintiff alleged " that the business by which he earns a livelihood for himself and his family is seriously and constantly injured ; that he apprehends from the course pursued by the officers of the city that

he may be illegally arrested on a Sunday, while engaged in his lawful pursuits, and confined, without the privilege of procuring bail, until the next day, and then be subjected to a hasty trial, without the benefit of a constitutional privilege, and all under an illegal ordinance." The court said: "For some of these wrongs the law would afford him adequate redress, but no sufficient compensation could be made for family destitution or disreputable imprisonment."

Assuming that case to have been properly decided, it has very few things in common with this case. Here the defendant, if arrested, can, if he so desires, have a jury trial, the same as any other person accused of a misdemeanor; here there is no claim that the business of the plaintiff will be broken up, only that the business he expects from the merry-go-round, which is only a part of, and incident to, the principal business carried on by him.

It is claimed upon the part of the respondent that the ordinance in question is void, as being in conflict with the Municipal Law, and this proceeding is apparently brought for the purpose of testing that question. Whether the ordinance is a valid one is a question of law and not of equity; and while courts of equity may determine questions of law, as incident to a proceeding in equity, equitable proceedings cannot be maintained for the sole or principal purpose of determining such questions.

"The general rule is, that the court will not restrain a prosecution at law when the question is the same at law and in equity. * * * An exception exists where an injunction is necessary to protect a defendant from oppressive and vexatious litigation. But the court acts in such cases by granting an injunction only after the controverted right has been determined in favor of the defendant in a previous action." ( *Wallack* v. *Society, etc.,* 67 N. Y. 23; *Eldridge* v. *Hill,* 2 Johns. Ch. 281; *West* v. *The Mayor,* 10 Paige, 539; *Marvin Safe Co.* v. *The Mayor,* 38 Hun, 146.)

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for a preliminary injunction denied, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion for preliminary injunction denied, with ten dollars costs.