## MUNICIPAL TELEGRAPH CO. v. McCREARY.

### (Supreme Court, Special Term, Albany County. July 7, 1902.)

1. INJUNCTION—CLOSING OF POOL ROOM—RELIEF IN EQUITY.

   Where a sheriff ejected those present at plaintiff's place of business because of an alleged violation of Pen. Code, § 351, in receiving money for wagering on horse races, and forbade further transactions of such character, on an application for an injunction to restrain the officer from interfering with plaintiff's business the question whether a crime had been committed could not be determined, the question being one for a jury in a common-law court.

2. SAME—CONSTITUTIONALITY OF LAW.

   Where a sheriff ejected those present at plaintiff's place of business because of an alleged violation of Pen. Code, § 351, in receiving money for wagering on horse races, on an application for an injunction to restrain the officer from interfering with plaintiff's business the question as to the constitutionality of section 351 cannot be considered, as it required the determination of a question of law.

Application by the Municipal Telegraph Company for an injunction pendente lite to restrain Edward McCreary, the sheriff of Albany county, from interfering with plaintiff's business. Denied.

The defendant, as sheriff, with a number of deputies, closed plaintiff's place of business because of an alleged violation at and prior to the time of such closing of section 351 of the Penal Code in receiving or purporting to receive money to be bet and wagered upon horse races then in progress at Morris Park, known as the "Brooklyn Handicap" and other races; such action on the part of the sheriff being taken without any warrant or process of any court. The plaintiff alleged that it conducted a general stockbrokerage business, had a large number of customers, and was connected with all the principal stock exchanges of the country, and denied the conduct by it of any unlawful business. The sheriff visited plaintiff's place of business, and called upon the persons there assembled to disperse, and ordered the plaintiff to discontinue receiving money on such races. The plaintiff refused, and the sheriff ejected the persons present, and gave notice that no further pool selling or receipt of bets would be permitted. The plaintiff thereupon noticed this application, and procured an injunction pending the hearing and determination of such application.

John A. Delehanty, for the motion.

J. S. Frost, opposed.

COCHRANE, J. The defendant, who is a peace officer of the county of Albany, contends that section 351 of the Penal Code was being violated on the premises of the plaintiff, and that a large number of people had unlawfully assembled thereon, and that the alleged grievances of the plaintiff consisted merely in the suppression by the defendant in his official capacity of the said alleged violation of law and in dispersing the people unlawfully assembled. Whether or not the law was being violated cannot be determined in this action. It is not the province of a court of equity to determine whether a crime has been committed, nor to interfere with the administration of the criminal laws. If the plaintiff and the people on his premises were actually engaged in violating the law, the defendant had the right to perform the acts complained of. "The only question for contestation was whether, as matter of fact, they were guilty or innocent of such violation: and the determination of that question could not by such

an action as this be drawn to a court of equity. Whether a person accused of a crime be guilty or innocent is to be determined in a common-law court by a jury, and the people as well as the accused have a right to have it thus determined." Davis v. Society, 75 N. Y. 368. See, also, In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402. It may be that if the defendant had invaded the property rights of the plaintiff, and had destroyed or threatened to destroy or impair such rights to an extent unnecessary in the performance of his official duties, a court of equity would exercise its injunctive power to restrain him in the performance of such unnecessary acts. But it does not appear that he has assumed control of the plaintiff's property beyond what was necessary in stopping the alleged violation of law; and if, in putting an end to crime and in dispersing an unlawful assembly, he interfered somewhat with the use of the plaintiff's property, it was because the property was being used for an unlawful purpose, and such interference was merely incidental to the performance of the defendant's official duties. It is alleged in the complaint that the defendant has threatened to prohibit all access to the plaintiff's building, and to take possession of its property; but this allegation is denied by the defendant, and I do not think the defendant intends to go to that extent. The plaintiff also claims that section 351 of the Penal Code is unconstitutional. That involves a determination of whether or not a crime has been committed, and is a question of law, and not of equity. Coykendall v. Hood, 36 App. Div. 558, 55 N. Y. Supp. 718.

Motion denied, with $10 costs.