C. C. RAWLS, *Appellant*, v. CITY OF MIAMI, W. P. SMITH, MAYOR, AND OTHER CITY OFFICIALS, *Appellees.*

Opinion Filed June 29, 1921.

1. A demurrer to a bill in chancery admits for the purpose of the demurrer all allegations of fact well pleaded.

2. Equity will not restrain a prosecution at law where the question is the same at law and in equity, no apparent necessity existing to protect complainant from oppressive and vexatious litigation.

3. A bill in equity to restrain the enforcement of a city ordinance to regulate plumbing in the city will not be entertained where the bill rests upon no recognized head of equity jurisdiction.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Order affirmed.

*Carson & Botts,* and *Price, Price & Small,* for Appellant;

*S. P. Robineau* and *Bart A. Riley,* for Appellees.

ELLIS, J.—The appellant sought an injunction against the City of Miami and certain officials to restrain the municipality from enforcing a certain ordinance entitled, "An Ordinance to Regulate Plumbing in the City of Miami," adopted in June, 1919, and numbered 294.

It is alleged that the complainant is the owner of certain lots in the City of Miami; that he is now building and contemplates the erection of other buildings upon the property and making additions to building already located upon

3—Vol. 82

the lots; that the expenditure for such improvements will cost approximately the sum of twenty thousand dollars; that much plumbing will have to be done in connection with the work which is being done and that which is under contemplation, and if the provisions of the ordinance are enforced the necessary plumbing will cost approximately twenty-four hundred dollars, or about twice as much as is necessary to have the work done in a thorough workman-like manner, in accordance with sanitary laws, and in a manner that would fully and entirely protect the health of the tenants in the building and the public generally; that the provisions of the ordinance require nothing to be done which will promote, secure or influence the public health, but increases the burden upon the tax-payers of the city for the purpose of maintaining a large and unnecessary corps of officers and employees to carry out the useless provisions of the ordinance; that the complainant is a tax-payer and citizen of the city and is particularly affected by the ordinance because of the work of improving his property and the contemplated installation of a system of water service and sewerage in the buildings; that the ordinance is "unreasonable, void and unconstitutional" for many reasons set out in full in the bill, and covering about twelve pages of typewritten matter.

A demurrer to the bill was interposed by the defendants which was sustained and the application for a temporary injunction denied. The complainant took an appeal from that order.

The errors assigned are that the court erred in denying the application for a temporary injunction and sustaining the demurrer to the bill.

The demurrer admitted the allegations of fact well pleaded. There is no provision in the ordinance by which

the complainant could recover the unnecessary, useless and wasteful expenditure of money required by the ordinance in installing the necessary water and sewerage systems in the buildings which complainant had begun to erect. From the moment work is begun upon the lots, where excavations are made and openings cut in the foundations and walls to receive the water pipes and sewers, the builder or owner of the property is affected by the provisions of the ordinance and is subject to the penalties imposed for any violation thereof which consist of fines and imprisonment. He would be subjected to prosecutions resulting in great expense which he would have to incur in defending, and damages for which he could recover from no one. There is no allegation in the bill, however, that the city has attempted to enforce the ordinance.

The first question presented is, will equity restrain the enforcement of the ordinance under the circumstances alleged, assuming that it is void for unreasonableness in the particulars alleged, which enforcement would subject the complainant to the unnecessary expense of which he complains.

It is not apparent from the allegations of the bill that a multiplicity of suits would follow the attempted enforcement of the ordinance, nor that the complainant has no adequate remedy at law, nor that his injury would be irreparable. Whether the ordinance is a valid one is a question of law. The rule is that equity will not restrain a prosecution at law where the question is the same at law and in equity, the necessity not being apparent to protect the complainant from oppressive and vexatious litigation. See Coykendall v. Hood, 55 N. Y. Supp. 718; 20 Stand. Ency. of Proc. 182; Forcheimer v. Port of Mobile, 84 Ala. 126, 4 South. Rep. 112; Brown v. Trustees of Catlettsburg, 11

Bush (Ky.) 435; Hall v. Dunn, 52 Ore. 475, 97 Pac. Rep. 811, 25 L. R. A. (N. S.) 193; Town of Orange City v. Thayer, 45 Fla. 502, 34 South. Rep. 573.

As the bill rests upon no well recognized head of equity jurisdiction, the order of the court denying the injunction and sustaining the demurrer to the bill is affirmed.

BROWNE, C. J., AND TAYLÒR, WHITFIELD AND WEST, J. J., concur.