E. L. EGAN, operating under the trade name of MAGIC CITY TOURIST CAMP, *et al.,* v. THE CITY OF MIAMI, *et al.*

178 So. 132.
Division A.
Opinion Filed January 5, 1938.

*Boone & Boone,* for Appellants;
*J. W. Watson, Jr.,* for Appellees.

TERRELL, J.—The Appellants as complainants filed their bill of complaint in the Circuit Court asking to restrain the City of Miami from enforcing Ordinance Number 1617, regulating among other things, tourist camps, tent cities, and trailer parks. A motion to dismiss the bill of complaint was granted and the instant appeal was prosecuted from that order.

It is first contended that the city was without authority to enact Ordinance Number 1617, that the power to regulate tourist camps, tent cities, and trailer camps was vested under the law exclusively in the Hotel Commission and the State Board of Health, both of which had imposed every needed regulation on them.

This question appears to have been answered contrary to the contention of Appellant in Miller v. Quigg, 87 Fla. 462, 100 So. 270, where a similar question involving a similar charter was under consideration. Further discussion of it would therefore seem unnecessary.

It is not out of place to state, however, that we do not understand that the general law empowering the State Board of Health and the Hotel Commission to impose health and sanitary regulations on appellants deprives the municipalities of power to supplement the regulations so imposed within their jurisdiction. State v. City of Miami, 101 Fla. 292, 134 So. 608; City of Apalachicola v. State, 93 Fla. 921, 112 So. 618; Sanders v. Howell, 73 Fla. 563, 74 So. 802.

The City of Miami having power to enact the ordinance brought in question, the next question with which we are confronted is whether or not it has exercised that power in a valid and constitutional manner.

An examination of the record and the applicable law discloses that in its zoning and other ordinances for the

preservation of the health of the city, it has included twenty-three sections or regulations, fourteen of which are the identical regulations enforced by the Hotel Commission and as we understand, are not complained of. The additional regulations imposed by the city have to do with construction of cottages, their distance apart, drainage, toilets, baths, lighting, ventilation, and other requirements essential to the health and sanitary living conditions of the inhabitants of the city. We do not find them arbitrary or unreasonable and the power of the City of Miami to promulgate and enforce such regulations has been repeatedly upheld. State, *ex rel.* Henry, v. City of Miami, 117 Fla. 594, 158 So. 82; State, *ex rel.* Skillman, v. City of Miami, 101 Fla. 585, 134 So. 541.

. The order dismissing the bill of complaint may also be affirmed on the theory that it seeks to enjoin the enforcement of a municipal ordinance which has not been declared void and ineffective. It is quite true that Appellants contend the record discloses that compliance with the ordinance on their part will impose a heavy burden on them but they do not show irreparable loss and being so, they have an adequate remedy at law. City of West Palm Beach v. Zeller, 91 Fla. 223, 107 So. 146; Rawls v. City of Miami, 82 Fla. 65, 89 So. 351; Town of Orange City v. Thayer, 45 Fla. 502, 34 So. 573.

It is settled law that injunction should never be granted where the remedy at law is adequate. This court has approved the doctrine that even a void municipal ordinance should not be restrained if its enforcement amounts to a mere trespass for which adequate remedy at law is available. If irreparable injury is relied on, that is to say, injury of such a nature that it cannot be redressed in a court of law, the facts constituting such injury must be set up

so clearly that the court may determine the extent of the possible injury and grant relief by injunction if justified.

The ordinance assaulted reveals nothing more than an attempt on the part of the city to regulate tourist camps, trailer parks, and tent cities in the interest of the public by imposing on them reasonable health and sanitary restrictions. Such restrictions always impose extra burdens on those affected but the rule is generally recognized that where the interest of the individual and the interest of the public run counter, that of the individual must give away unless the burden imposed be arbitrary and unreasonable.

The judgment below is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.