POLEN, J.
We dismiss the petition for writ of certiorari, as the petitioner/husband has failed to show irreparable harm that cannot be remedied on plenary appeal. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). Petitioner seeks relief from an order which denied his motion to bifurcate the issue of his count to annul the purported marriage, and to try that count first. While we are inclined to agree that such a procedure would not only serve judicial economy, but would also dramatically limit the parties’ litigation costs, already in six figures, if the annulment were granted, we cannot say the trial court’s denial was an abuse of discretion. Moreover, we have repeatedly held that time, trouble and expense of proceeding to trial, even if error is ultimately established, does not present that kind of irreparable harm that would invoke our certiorari jurisdiction. Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Continental Equities, Inc. v. Jacksonville Transp. Auth., 558 So.2d 154 (Fla. 1st DCA 1990).
DISMISSED.
STONE and KLEIN, JJ., concur.