783 So.2d 1213 (2001)
Arnold ABBOTT and Love Thy Neighbor Fund, Inc., and Richard Courtney, Intervener, Appellants/Cross-Appellees,
v.
CITY of FORT LAUDERDALE, Appellee/Cross-Appellant.
No. 4D00-2496.
District Court of Appeal of Florida, Fourth District.
May 2, 2001.
*1214 John T. David of the Law Offices of John T. David, P.A., Fort Lauderdale, for Appellants/Cross-Appellees-Arnold Abbott and Love Thy Neighbor Fund, Inc.
Janet R. Riley of Florida Legal Services, Inc., Fort Lauderdale, for Appellant/Cross-Appellee-Richard J. Courtney.
Dennis E. Lyles, City Attorney, and Stephen Scott, Assistant City Attorney, Fort Lauderdale, for appellee/cross-appellant.
STEVENSON, J.
Arnold Abbott conducted a feeding program on the beach in Fort Lauderdale for the homeless. When the City informed him that his program violated Park Rule 2.2, he sought an injunction and declaratory relief in the trial court to prevent the City from enforcing the rule against him. In her final order, the trial judge denied Abbott's claims that the rule violated his right to equal protection, his due process of law rights, and his First Amendment freedoms. The trial judge agreed with Abbott that the rule[1] violated his rights under the Florida Religious Freedom Restoration Act of 1998 (the Act), and ordered the City to provide an alternative site on public property where Abbott could conduct his feeding program.
Abbott appeals the final order and further contends that the trial court erred in denying his post-trial motion for contempt and/or injunction, where he argued that the site selected by the City was unsuitable and not in compliance with the intent of the trial court's order that the City provide an alternative site on public property for the feeding program. The City cross-appeals, arguing that the trial judge erred in concluding that Park Rule 2.2 violated the Act. We affirm as to the trial court's original final judgement, but reverse the denial of appellant's post-trial motion for further consideration. That is, the trial court must reconsider whether the site selected by the City complied with the intent of the trial court's order.
The Florida Religious Freedom Restoration Act, section 761.03(1)(a)-(b), Florida Statutes (1999), provides in part that:
(1) The government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, except ... only if it demonstrates that application of the burden to the person:
(a) Is in furtherance of a compelling governmental interest; and
(b) Is the least restrictive means of furthering that compelling governmental interest.
*1215 The trial judge found that Abbott's religious rights under the Act were infringed upon and ordered that the City was enjoined from enforcing Rule 2.2 "until such time as the city either designates an alternative site on public property or amends its zoning codes to provide locations where [Abbott's] activities are permitted as of right rather than as a conditional use."
Subsequent to the entry of the final order, the City selected a location that Abbott contended was unsuitable for his feedings because it was too far away from the Downtown area and did not have shelters or any other facilities. Abbott filed a motion for contempt or injunction, but the trial judge denied the motion, stating:
I considered using the word "reasonable." I considered using "convenient," and I determined that I did not have the authority to put those words into the final judgment.
In denying Abbott's motion for contempt or injunction, the trial judge was concerned that she did not have the authority to consider the suitability of the site selected by the City.
We agree that the trial judge was not allowed to substitute her judgment for that of the City in its selection of an alternative location for the feeding program. Nevertheless, we find that to fulfill the requirements of the Act, the trial judge had the authority to determine if the City had reasonably complied with her remedial order. Because the trial judge determined that, in order to comply with the Act, the City was obligated to provide Abbott with an alternative public property site, it was implicit in the order that the alternative site would at least be minimally suitable for the purposes intended. Since the location was selected after the entry of the order, it was appropriate for the trial judge to determine if the site eventually selected represented the "least intrusive means" of furthering the government's compelling interests. See § 761.03, Fla. Stat. (1999).
Accordingly, we conclude that the trial court necessarily has the authority to determine whether the selected site complies with the requirements and intent of its order. From the record, we cannot tell if the trial judge actually made this determination. Thus, we reverse and remand for the trial judge to make a determination as to whether the site selected by the City complies with the requirements of her order and with the Florida Religious Freedom Restoration Act.
REVERSED and REMANDED.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] Park Rule 2.2 provides in part:

2.2 Social Services.
Parks shall be used for recreation and relaxation, ornament, light and air for the general public. Parks shall not be used for business or social service purposes unless authorized pursuant to a written agreement with the City.