PER CURIAM.
The trial court reached the right result for the wrong reason. “Mandamus is a narrow, extraordinary writ used to coerce an official to perform a clear legal duty.” Sica v. Singletary, 714 So.2d 1111, 1112 (Fla. 2d DCA 1998). “Although manda--mus is a legal remedy, the granting of the writ is governed by equitable principles.” Shevin ex rel. State v. Pub. Serv. Comm’n, 333 So.2d 9, 12 (Fla.1976). “Just as equitable remedies are unavailable when there is an adequate remedy at law, Egan v. City of Miami, 130 Fla. 465, 178 So. 132 (1938); City of Jacksonville v. Giller, 102 Fla. 92, 135 So. 549 (1931), so relief by mandamus is unavailable unless ‘no other adequate remedy exists.’ State ex rel. Blatt v. Panelfab Int'l Corp., 314 So.2d 196, 198 (Fla.App.3d DCA 1975); Moneyhun v. Purdy, 258 So.2d 505 (Fla.App.3d DCA 1972).” Shevin, 333 So.2d at 12. Other adequate legal remedies do exist here. See, e.g., Abbott v. City of Fort Lauderdale, 783 So.2d 1213, 1214-15 (Fla. 4th DCA 2001). Accordingly, the petition for writ of certiorari is denied.
BARFIELD, WEBSTER, and BENTON, JJ., concur.