936 So.2d 665 (2006)
J.B. and D.P., Parents of J.P., a child, Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Respondent.
No. 5D06-631.
District Court of Appeal of Florida, Fifth District.
July 7, 2006.
Rehearing Denied August 16, 2006.
Timothy A. Straus, of Moyer, Straus & Patel, P.A., Altamonte Springs, for Petitioner, J.B.
Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Petitioner, D.P. Charles D. Peters, Orlando, for Respondent.
PER CURIAM.
The parents of J.P. seek review of a shelter order. We have recently decided the identical issue in L.M.C. v. Department of Children and Families, 935 So.2d 47 (Fla. 5th DCA 2006). Accordingly, we treat the petition for certiorari as a notice of appeal and, consistent with L.M.C., we reverse.
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
GRIFFIN, J., concurs and concurs specially, with opinion.
GRIFFIN, J., concurring and concurring specially.
The issue presented is exactly what parents are entitled to do at the shelter hearing mandated by section 39.401, Florida Statutes (2005). In this and several other such proceedings, including L.M.C. v. Department of Children & Families, 935 So.2d 47 (Fla. 5th DCA 2006), Judge Hauser apparently has decided that parents have no right to contest whether the child should be sheltered once the court finds probable cause, but may only be heard on where the child should be placed. This is based, in part, on a lack of symmetry between provisions of the shelter statute and the rules of juvenile procedure. The relevant statute gives parents the right to appear and "present evidence" at a shelter hearing. See § 39.402(5)(b)1, Fla. Stat. (2005) ("The parents or legal custodians shall be given written notice that: 1. They will be given an opportunity to be heard and to present evidence at the shelter hearing."); § 39.402(8)(c), Fla. Stat. (2005) ("At the shelter hearing, the court shall... 3. Give the parents or legal custodians an opportunity to be heard and to present evidence."). In contrast, the Florida Rule of Juvenile Procedure 8.305(b)(3) provides that: "The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant." However, the juvenile rules continue in the next section: "At the hearing, all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement *666 provided by law." See Fla. R. Juv. P. 8.305(b)(4) (emphasis added).[1]
Judge Hauser recognizes in the order that parents have a right to be heard on "the criteria for placement," but he appears to equate this with the issue of where the children should be placed. His order states:
The only way this court can reconcile the three rules and the statute is to apply a two step approach. First the court decides the issue of probable cause. The court does so in a purely non adversarial manner, based solely on the information contained in the shelter petition filed by DCF, much as it would decide whether to grant an arrest warrant. Fla.R.Juv.P. 8.305(b)(3). When a court decides to grant or deny an arrest warrant, it does so based on the four corners of the document. The defendant is not given an opportunity to attack the credibility of the warrant. Likewise the decision to find probable cause at the shelter hearing will be based solely on the shelter petition.
If the court finds probable cause, then the court will decide where the child should be placed and a date will be set for the arraignment. Once the court has decided the issue of probable cause, the rules are crystal clear that the parents are permitted to present evidence at the shelter petition hearing to determine where the child will be placed. Fla.R.Juv.P. 8.305(b)(4). The parents or guardians can testify and independent witnesses can also testify. If the parents wish to cross exam the DCF case worker they will be permitted to do so as well. If after finding probable cause, the court sufficiently questions the veracity of DCF's petition, the court can always return the children to the parents and decide the issue of dependency at trial, if DCF chooses to file a dependency petition.
Putting all of this together, it appears to me that Judge Hauser was correct that "probable cause" is not a matter for hearing or the taking of evidence. If probable cause is not found by the court, there is no hearing; if probable cause is found, a hearing must be conducted on the "criteria" established to determine whether shelter is appropriate. See § 39.402(8)(h), Fla. Stat. (2005). We recently said in L.M.C. that the parents are entitled to be heard on the issue of probable cause and that decision is binding. Whether viewed as a hearing on "probable cause," or the "criteria for placement," or even "where the children will be placed" (if that includes a return to the parents), however, the underlying issues appear to be essentially the same.
NOTES
[1] The rule thus provides in relevant part as follows:

(3) The issue of probable cause shall be determined in a nonadversarial manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing, all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement provided by law.
(5) The court may base its determination on a sworn complaint, testimony, or an affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.