PER CURIAM.
 

 L.M.B., the mother, petitions for a writ of certiorari seeking to quash the trial court’s shelter order which sheltered her three-year-old child in the father’s home.
 
 See
 
 § 39.402, Fla. Stat. (2009). Before entering the order, the trial court conducted a shelter hearing pursuant to section 39.402(8) but refused to permit the mother to present evidence on the issue of whether the child should be removed. § 39.402(2), Fla. Stat. (2009) (requiring that certain criteria be met and that court make a finding regarding “the necessity for removal”). The court expressed its policy of determining probable cause for removal from the “four corners” of the verified shelter petition. The court’s refusal to permit the mother to present evidence regarding the necessity for removal was a departure from the essential requirements of law.
 

 Since the filing of this petition, the mother has consented to an adjudication of dependency. Ordering a new shelter hearing would be ineffectual. We withhold issuing the writ, but because the issue is important and capable of repetition yet evading review, we write to express agreement with the holdings of our sister courts.
 
 L.M.C. v. Dep’t of Children & Families,
 
 935 So.2d 47 (Fla. 5th DCA 2006) (confirming that a parent has a right to be heard and “to present evidence on the issue of probable cause” at a shelter hearing);
 
 In re J.P.,
 
 875 So.2d 715 (Fla. 2d DCA 2004) (holding that a refusal to permit a parent to be heard at a shelter hearing violated the statutory right to be heard).
 

 The Florida Legislature has provided parents with a statutory right to present evidence at shelter hearings. § 39.402(8)(c)3., Fla. Stat. (2009) (providing that at a shelter hearing, the court shall “[g]ive the parents or legal custodians an opportunity to be heard and to present evidence”).
 
 See also
 
 § 39.402(5)(b)l., Fla. Stat. (2009) (providing that parents must be given notice that “[tjhey will be given an opportunity to be heard and to present evidence at the shelter hearing”).
 

 The department has suggested that the right to present evidence regarding the existence of “probable cause” is not clear because of an alleged conflict within Florida Rule of Juvenile Procedure 8.305(b). Subdivision (b)(3) of this rule provides: “The issue of probable cause shall be determined in a nonadversarial manner, applying the standard of proof necessary for an arrest warrant.” Fla. R. Juv. P. 8.305(b)(3). Subdivision (b)(4) provides: “At the hearing, all interested persons present shall have an opportunity to be
 
 *219
 
 heard and present evidence on the criteria for placement provided by law.” Fla. R. Juv. P. 8.305(b)(4).
 
 See J.B. v. Dep’t of Children & Families,
 
 936 So.2d 665, 666 (Fla. 5th DCA 2006) (Griffin, J., concurring specially) (noting the inconsequential nature of the apparent inconsistency because — whether viewed as the existence of “probable cause” or the “criteria for placement” — the underlying issue (the need for temporary removal) is the same).
 

 At a shelter hearing, to continue the child in shelter care, the department “must establish probable cause that reasonable grounds for removal exist and that the provision of appropriate and available services will not eliminate the need for placement.” § 39.402(8)(d)l., Fla. Stat. (2Ó09). The hearing, however, is not limited to whether the department has established probable cause. To order placement, the court must determine that “placement in shelter care is necessary based on the criteria of subsections (1) and (2).” § 39.402(8)(h)l., Fla. Stat. (2009). The court must also find that “placement in shelter care is in the best interest of the child.” § 39.402(8)(h)2., Fla. Stat. (2009). A parent has a right to be heard and present evidence regarding these and other relevant issues.
 

 If a parent is not permitted to be heard at the hearing, and only the department’s evidence will be considered, then the one-sided hearing would be a pointless formality. This is clearly not what the statute or rule contemplates.
 
 See J.P.,
 
 875 So.2d at 718 (“Had that been the intent of the rule it would provide that shelter of a child could be ordered without a hearing if the written submission established probable cause for shelter of the child.”).
 

 As to the perceived conflict within the rule, Rule 8.305(b) was formerly Rule 8.710(b). The rule was renumbered in 1991.
 
 See In re Petition of The Fla. Bar to Amend the Fla. Rules of Juvenile Procedure,
 
 589 So.2d 818 (Fla.1991). Former Rule 8.710(b) contained identical “conflicting” language.
 
 See
 
 Fla. R. Juv. P. 8.710(b) (1989). Thus, the language in the rule is longstanding.
 

 In 1990, the legislature provided a statutory right for parents to present evidence at shelter hearings. Ch. 90-306, § 5, Laws of Fla. (adding the following language to section 39.402(8)(a): “The parents or legal guardians of the child shall be given an opportunity to be heard and to present evidence at the detention hearing.”). The statutory right clearly controls over any perceived conflict within the language in the rule.
 

 The statutory right to be heard and to present evidence is buttressed by notions of procedural due process: a parent should have a meaningful opportunity to be heard on the key issue of the “need for removal”.
 
 See J.P.,
 
 875 So.2d at 718 (“Section 39.402 and rule 8.305 afford parents due process in judicial proceedings in matters involving the State’s temporary removal of children from the home.”).
 

 Trial courts have expressed concern about the time required to conduct eviden-tiary hearings on shelter petitions. We note, without deciding, in some circumstances, the right to present evidence at the shelter hearing may be satisfied by providing sufficient notice and permitting the parent or guardian an opportunity to present evidence in the form of affidavits.
 
 See
 
 Fla. R. Juv. P. 8.305(b)(5) (“The court may base its determination on a sworn complaint, testimony, or an affidavit....”).
 

 The petition is denied.
 

 DAMOORGIAN, CIKLIN and LEVINE, JJ., concur.