HAWKES, J.
 

 Petitioner (the mother) appeals a shelter order placing her child in the care of the maternal grandmother. The mother argues the order was entered in violation of her due process rights as the trial court did not give her the opportunity to be heard during the shelter hearing. We agree with the mother and, on this basis, grant the petition for writ of certiorari.
 

 Facts
 

 The child who was the subject of this proceeding was born on March 29, 2011, while the mother was under protective supervision, and was taken into protective custody the following day. Following the filing of a shelter petition, the trial court held a hearing in which it declared — without hearing from any party — that it had already reached its determination. It commenced the hearing by stating:
 

 The Court: We are here for a shelter hearing and, as you know, the purpose of the hearing is for the Court to determine whether there is probable cause to detain the child based on the verified allegations of the petition. I have read the petition and find there is probable cause to detain the child.
 

 The trial court then proceeded to discuss placement, prompting the mother’s attorney to speak:
 

 The Court: No. I don’t want the children placed with the mother.
 

 Mother’s Attorney: Your Honor, may I—
 

 The Court: No, ma’am. I do not want the children placed with the mother at this time.
 

 The trial court then directed that the child be placed with the maternal grandmother and allowed for the mother to have supervised visitation.
 

 Following the hearing, the trial court issued a shelter order adopting the allegations in the petition. The mother challenged the order in a motion for rehearing in which she argued that the trial court had not honored her due process right to be heard and present evidence. The trial court denied the motion for rehearing without comment.
 

 The mother has now filed the instant petition for writ of certiorari, seeking to quash the shelter order because, among other things, it was entered in violation of her right to be heard. We recognize that the mother has raised other arguments in
 
 *368
 
 her petition, but write only to address this due process violation.
 

 Standard of Review
 

 To obtain certiorari jurisdiction over a non-final, non-appealable order, such as the shelter order in the instant case, a petitioner must demonstrate that the order: (1) caused harm so irreparable that it cannot be remedied on appeal following final judgment; and (2) departed from the essential requirements of the law.
 
 See Dep’t of Children & Families v. L.D.,
 
 840 So.2d 432, 435 (Fla. 5th DCA 2003) (citing
 
 Belair v. Drew,
 
 770 So.2d 1164, 1166 (Fla.2000));
 
 see also Smithers v. Smithers,
 
 743 So.2d 605, 606 (Fla. 4th DCA 1999). A petitioner can show irreparable harm by demonstrating either that the injury cannot be redressed in a court of law or that there is no adequate legal remedy.
 
 See Egan v. City of Miami,
 
 130 Fla. 465, 178 So. 132 (1938);
 
 Kellar v. Moore,
 
 820 So.2d 1015, 1016 (Fla. 1st DCA 2002). A petitioner can demonstrate a departure from the essential requirements of the law by showing “that the trial court made an error so serious that it amounts to a miscarriage of justice.”
 
 State v. Smith,
 
 951 So.2d 954, 958 (Fla. 1st DCA 2007).
 

 The denial of the mother’s right to be heard meets both prerequisites of certiorari review
 

 Regarding the first prerequisite for cer-tiorari review, the mother’s argument that she was denied the opportunity to be heard concerns harm which will be irreparable unless immediately addressed. If the mother’s allegation is found to be true, and she waits to raise it until she appeals a final dependency or termination order, the entire proceeding will have been based on a denial of her due process rights. We cannot allow this to occur.
 
 See In re A.W.P., Jr.,
 
 10 So.3d 134, 135-36 (Fla. 2d DCA 2009) (issuing a writ of certiorari after finding the trial court in a dependency proceeding violated a parent’s due process rights by failing to extend a “real opportunity” to be heard).
 

 Regarding the second prerequisite, an allegation that a trial court has violated a parent’s right to be heard at a shelter hearing constitutes a departure from the essential requirements of the law. Section 39.402(8)(c)(3), Florida Statutes (2010), requires trial courts at shelter hearings to provide the parties with an opportunity to be heard and present evidence. This principle is also found in Florida Rule of Juvenile Procedure 8.305(b)(4) (2010), which states all interested persons at shelter hearings “shall have an opportunity to be heard and present evidence on the criteria for placement provided by law.”
 

 Caselaw has consistently acknowledged that failing to honor a parent’s right to be heard at a shelter hearing is a violation of due process.
 
 See L.M.C. v. Dep’t of Children & Families,
 
 935 So.2d 47 (Fla. 5th DCA 2006);
 
 S.M. v. Dep’t of Children & Families,
 
 890 So.2d 552 (Fla. 5th DCA 2005);
 
 In re J.P.,
 
 875 So.2d 715, 718 (Fla. 2d DCA 2004). In particular, “[i]f a parent is not permitted to be heard at the hearing, and only the [Department's evidence will be considered, then the one-sided hearing would be a pointless formality. This is clearly not what the statute or rule contemplates.”
 
 L.M.B. v. Dep’t of Children & Families,
 
 28 So.3d 217, 219 (Fla. 4th DCA 2010).
 

 Here, the trial court began the shelter hearing by announcing its decision before giving the parties a chance to present evidence, stating “I have read the petition and find there is probable cause to detain the child.” When the mother’s attorney attempted to make a comment, the trial court interrupted her, thus precluding any attempt to offer evidence. We are
 
 *369
 
 sympathetic to the trial court’s desire to conduct an expeditious and informal shelter hearing. However, “those concerns do not outweigh the right of parents to be heard initially when faced with removal by the State of their children from their home.”
 
 L.M.C.,
 
 935 So.2d at 47. We therefore find the violation of the mother’s right to be heard was a clear departure from the essential requirements of the law amounting to a miscarriage of justice.
 
 [1]
 

 Conclusion
 

 The mother had a due process right to be heard during the shelter hearing. Because the trial court violated this right, we extend a writ of certiorari to quash the shelter order and remand the matter for further proceedings on whether the child should be detained. We emphasize that our decision addresses only the manner in which the proceeding was held, not the merits of the trial court’s findings or decision. Whether there were grounds to shelter the child should be determined on remand in a full evidentiary hearing. The petition for writ of certiorari is GRANTED.
 

 BENTON, C.J., and ROWE, J., concur.
 

 [1]
 

 . We note the Department's argument that because the mother did not submit evidence either before or during the hearing, she failed to preserve her claim concerning the violation of her right to be heard. However the denial of a party's right to be heard — even if unpre-served — constitutes per se reversible error and, therefore, can be raised at any time.
 
 See Vollmer v. Key Dev. Props., Inc.,
 
 966 So.2d 1022, 1027 (Fla. 2d DCA 2007).