HAWKES, J.
Petitioner (the father) appeals a shelter order placing his child in the care of the maternal grandmother. The father argues the order was entered in violation of his due process rights as the trial court did not honor his right to counsel during the shelter hearing. We agree with the father and, on this basis, grant the petition for writ of certiorari.
Facts
The child who was the subject of this proceeding was born on March 29, 2011, while the mother and the father were under protective supervision, and was taken into protective custody the following day. Following the filing of a shelter petition, the trial court held a hearing on the petition during which the mother’s attorney was present but the father’s attorney was not. The trial court did not ask the father if he had secured representation. Nor did the trial court clarify whether the father wished to waive his right to counsel.
At the conclusion of the hearing, the trial court directed that the child be placed with the maternal grandmother and grant *1182 ed the father supervised visitation. At this point, just prior to closing the hearing, the trial court appointed counsel to represent the father in any future proceedings regarding the child.
Following the hearing, the trial court issued a shelter order adopting the allegations in the petition. The father challenged the order in a motion for rehearing in which he argued, among other things, that the trial court failed to honor his due process right to counsel at the shelter hearing. The trial court denied the motion for rehearing without comment.
The father has now filed the instant petition for writ of certiorari, requesting that the shelter order be quashed because, in part, it was entered in violation of his right to counsel. We recognize that the father has raised other arguments in his petition, but write only to address this due process violation.
Standard of Review
To obtain certiorari jurisdiction over a non-final, non-appealable order, such as the shelter order in the instant case, a petitioner must demonstrate that the order: (1) caused harm so irreparable that it cannot be remedied on appeal following final judgment; and (2) departed from the essential requirements of the law. See Dep’t of Children & Families v. L.D., 840 So.2d 432, 435 (Fla. 5th DCA 2003) (citing Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000)); see also Smithers v. Smithers, 743 So.2d 605, 606 (Fla. 4th DCA 1999). A petitioner can show irreparable harm by demonstrating either that the injury cannot be redressed in a court of law or that there is no adequate legal remedy. See Egan v. City of Miami, 130 Fla. 465, 178 So. 132, 133 (1938); Kellar v. Moore, 820 So.2d 1015, 1016 (Fla. 1st DCA 2002). A petitioner can demonstrate a departure from the essential requirements of the law by showing “that the trial court made an error so serious that it amounts to a miscarriage of justice.” State v. Smith, 951 So.2d 954, 958 (Fla. 1st DCA 2007).
The denial of the father’s right to counsel meets both prerequisites of certiorari review
Regarding the first prerequisite for cer-tiorari review, the father’s argument that he was denied the right to counsel concerns harm which will be irreparable if not immediately addressed. Assuming the father’s allegation to be true, any ensuing litigation in this dependency proceeding will be based on a denial of his due process rights. We cannot allow this to occur. See In re A.W.P., Jr., 10 So.3d 134, 135-36 (Fla. 2d DCA 2009) (finding the failure to address the right to counsel in a dependency proceeding constitutes the type of fundamental due process violation justifying a writ of certiorari).
Regarding the second prerequisite, an allegation that a trial court has violated a parent’s right to counsel during a shelter hearing constitutes a departure from the essential requirements of the law. The statutes and rules governing shelter hearings are replete with language requiring counsel at this critical stage of the dependency process:
• Section 39.013(1), Florida Statutes (2010) — requiring that all Chapter 39 hearings — including shelter hearings— be construed under the Florida Rules of Juvenile Procedure unless otherwise provided by law, and that the trial court inform parents of their right to counsel “at each stage of the dependency process”
• Florida Rule of Juvenile Procedure 8.305(b)(6)(A) (2010) — requiring that a trial court advise each parent present at shelter hearing of his/her right to counsel
• Section 39.013(9)(a), Florida Statutes (2010) — requiring the trial court at ev *1183 ery proceeding under Chapter 39 to (1) advise parents of their right to counsel; (2) appoint counsel for indigent parents; (3) ascertain whether the right to counsel is understood; and (4) determine whether any waiver of counsel is knowing and intelligent • Section 39.402(8)(c)(2), Florida Statutes (2010) — requiring the trial court at a shelter hearing to “[i]nform the parents or legal custodians of their right to counsel to represent them at the shelter hearing [and] the right of the parents to appointed counsel”
In addition, caselaw has strictly enforced a parent’s right to counsel during all dependency proceedings. See In re A.G., 40 So.3d 908, 909 (Fla. 3d DCA 2010) (finding a due process right to counsel exists in any Chapter 39 proceeding, whether it is for dependency or termination, and regardless of whether it is for an offending parent or non-offending parent); In re A.W.P., Jr., 10 So.3d at 135-36.
Here, the trial court should have advised the father of his right to counsel and, depending on his response, should have appointed counsel or obtained a knowing and intelligent waiver before proceeding. Its failure to do so violated the father’s due process rights and constituted a clear departure from the essential requirements of the law amounting to a miscarriage of justice.[1]
Conclusion
The father had a due process right to counsel during the shelter hearing. Because the trial court violated this right, we extend a writ of certiorari to quash the shelter order and remand the matter for further proceedings on whether the child should be detained. We emphasize that our decision addresses only the manner in which the proceeding was held, not the merits of the trial court’s findings or decision. Whether there were grounds to shelter the child should be determined on remand in a full evidentiary hearing where the parents have been afforded their right to counsel. The petition for writ of certio-rari is GRANTED.
BENTON, C.J., and ROWE, J., concur.

. The Department has argued that the father failed to preserve arguments concerning the right to counsel as he did not request counsel during the shelter hearing. However, the statutory scheme and rule cited above indicate it is the responsibility of the trial court to ensure the parent’s right to counsel is respected, not the parent. Moreover, violations of the right to counsel are considered fundamental error which can be addressed for the first time on appeal. See State v. DiGuilio, 491 So.2d 1129, 1137 (Fla.1986) (stating "[d]enial of counsel is always harmful, regardless of the strength of admissible evidence, and can be properly categorized as per se reversible [error]”); see also Gonzalez v. State, 838 So.2d 1242, 1243 (Fla. 1st DCA 2003).