TORPY, C.J.
Appellants, Peninsula Logistics, Inc., and Loran Leroy Smith, Sr., challenge the final judgment entered after a jury trial. Appellants raise numerous issues, only one of which merits discussion — whether the trial court erred in denying Peninsula’s motion for directed verdict. We find merit in this argument and reverse the judgment as to Peninsula. In all other respects, we affirm.
This action arose from a collision between the Erbs’ vehicle and a semi-truck owned by 0 & L Transport and operated by Smith. At the time of the collision, Smith was transporting cargo for Peninsula in a trailer owned by an entity not a party to this appeal. The Erbs concede that Smith was an independent contractor and not a Peninsula employee. Nevertheless, they argue that Peninsula is liable for Smith’s negligence. They base théir argument on section 316.302(l)(b), Florida Statutes (2011), which provides that “all owners or drivers of commercial motor vehicles that are engaged in intrastate commerce are subject to the rules and regulations contained in [enumerated parts of 49 C.F.R.].... ” These rules and regulations impose certain duties on “employers” related to, for example, the maintenance, safety and operation of commercial motor vehicles. “Employer,” as defined, is “any person engaged in a business ... who owns or leases a commercial motor vehicle ..., or assigns employees to operate it ....” 49 C.F.R. § 390.5 (emphasis added). The regulations also define “employee” to include independent contractors. Id. The Erbs do not direct our attention to any particular rule violation that allegedly caused the collision.[1] Instead, they seize upon the federal regulations’ definition of “employee” and urge that, because Peninsula hired Smith as an independent contractor to ship its goods, Peninsula is vicariously liable for the negligent operation of the semi-truck.
The trial judge accepted the Erbs’ argument and directed a verdict in their favor on the issue of Peninsula’s vicarious liability. Although Peninsula makes several arguments to counter the Erbs’ proffered statutory construction, we focus on only two of their arguments, concluding that either compels reversal. .
First, because Peninsula was neither the owner nor driver of the vehicle operated by Smith, as those terms are defined in Chapter 316, under the plain language of section 316.302(l)(b), it is not “subject to” the federal rules and regulations (including the federal regulations’ definitions). Second, even if the federal rules and regulations apply to Peninsula due to its contractual relationship with Smith, Peninsula was *303 not Smith’s “employer,” as defined by those rules and regulations, because it did not “own or lease” the vehicle, or “assign” Smith to operate it. Because Peninsula itself had no legal right to operate the vehicle, it could not “assign” any such right of operation to Smith. Here, the vehicle was owned 'by 0 & L Transport, which is- the entity that assigned Smith to operate it.
In reaching our conclusion on the second point, we have not overlooked Martinez v. Hays Construction, Inc., 355 S.W.3d 170 (Tex.App.-Houston [1st Dist.] 2011). In that case, the Texas court concluded that a question of fact existed as to whether the shipper of dirt was an “employer” under 49 C.F.R. § 390.5, because it had contracted with the truck driver to haul the dirt. We think the Texas court erroneously focused on the assignment of the task to haul the load, rather than the assignment to operate the vehicle itself, which is what the regulation addresses.
On remand, the trial court shall enter judgment for Peninsula.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
EVANDER and COHEN, JJ., concur.

. We do not address whether a specific rule violation has been or must be established to impose liability under this regulatory scheme because it was not addressed by the parties.