PER CURIAM.
Hartford Fire Insurance Company (Hartford) appeals a trial court order denying its motion to bifurcate or sever two counts of a complaint against it, motion to dismiss for improper joinder and/or venue, and, alternatively, motion to transfer venue for forum non conveniens. We dismiss the appeal as to that portion of the order denying the motion to bifurcate or sever for lack of jurisdiction, and otherwise affirm.
The case arose from a multi-vehicle accident in 2012 involving a semi-truck owned by O & L Transport and driven by Loran Leroy Smith. Smith was transporting cargo for Peninsula Logistics, Inc. (Peninsula). Peninsula was insured by Hartford with single limit liability coverage of one million dollars for any one accident or loss. The accident resulted in the death of Frederick Wood and severe injuries to Kevin Erb.
The Erbs sued Peninsula, driver Smith, and others in Osceola County Circuit Court. The personal representative of the Estate of Frederick Wood (estate) later sued Erb, Peninsula, Smith, and others in Polk County Circuit Court.
Hartford retained Wilson Elser Mos-kowitz Edelman & Dicker LLP (law firm) to represent its insureds, Peninsula and driver Smith. Attorney Logan, who worked at the law firm’s Palm Beach County offices, represented Hartford. At mediation, Hartford settled with the estate and agreed to pay it the policy limit of one million dollars, to the exclusion of other claimants. Hartford, however, continued funding the defense of its insureds Peninsula and Smith.
The Erb lawsuit resulted in adverse judgments which Peninsula and Smith appealed. The Fifth District Court of Appeal affirmed as to the judgment against *1015 Smith but reversed and remanded for entry of a judgment in favor of Peninsula. Peninsula Logistics, Inc. v. Erb, 159 So.3d 301 (Fla. 5th DCA 2015). Id. at 302. It noted that Smith was an independent contractor when the accident occurred. Because Peninsula was not the owner or driver of the truck driven by Smith, was not Smith’s employer, and had no legal right to operate the truck or assign any such right to Smith, it could not be held vicariously hable for Smith’s negligence as driver under section 316.302(l)(b), Florida Statutes (2011). Id.
Hartford had earlier filed a declaratory judgment action in federal court, seeking a ruling that it had no duty to defend or indemnify Peninsula and Smith in connection with the Erb case. That court entered declaratory judgment in favor of Hartford but excluded any claim against the insurer for bad faith in settling the estate’s claim for the policy limits and excluding others.
Smith sued Hartford in Palm Beach County Circuit Court for bad faith, and included as defendants Attorney Logan and the law firm. In count one he claimed that Hartford had acted in bad faith in failing to settle the claims of the estate and Erbs within its policy limit. In count two, he claimed Attorney Logan and the law firm committed legal malpractice by failing to advise Hartford that they needed time to initiate settlement negotiations with both claimants.
Hartford moved’ to bifurcate or sever the two counts and, in the alternative, to dismiss the complaint for improper joinder of parties. It also moved to transfer venue for forum non conveniens, or dismiss the complaint for improper venue. Hartford claimed venue did not lie in Palm Beach County and that the action should be brought in Osceola County, where the Erb lawsuit was filed, or in Polk County, where Smith resided.' Alternatively, Hartford argued Palm Beach County was an inconvenient forum given the location of potential witnesses. The trial court held a hearing on the motion and denied relief on all grounds asserted. As noted above, the trial court denied all of these motions.
We dismiss the appeal of that portion of the order which denied Hartford’s motion to sever or bifurcate as it is not an appealable non-final order recognized in Florida Rule of Appellate Procedure 9.130. This motion was not based on venue or any other ground for which a party may appeal. While other portions of the order did concern venue and were appealable, jurisdiction does not extend to this portion of the order on bifurcation and severance. See Sch. Bd. of Broward Cty. v. City of Coral Springs, 187 So.3d 287, 288 n. 1 (Fla. 4th DCA 2016).
Certiorari does not lie because Hartford has not demonstrated irreparable harm caused by the denial of severance or bifurcation. See Smithers v. Smithers, 743 So.2d 605, 606 (Fla. 4th DCA 1999) (dismissing petition for certiorari review of order denying husband’s motion to bifurcate issue of count to annul marriage and try that count first because husband failed to demonstrate irreparable harm).
We affirm on the remaining venue issues, which are appealable. See Fla. R. App. P. 9.130(a)(3)(A). A plaintiffs venue selection is presumed to be correct and will not be disturbed on appeal “as long as that selection is one of the statutory alternatives .... ” Intercapital Funding Corp. v. Gisclair, 683 So.2d 530, 532 (Fla. 4th DCA 1996) (quoting Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989)).
When a party seeks to transfer or dismiss for improper venue under section 47.011, Florida Statutes (2015), the trial court’s legal conclusions on venue are *1016 reviewed de novo. McDaniel Reserve Realty Holdings, LLC v. B.S.E, Consultants, Inc., 89 So.3d 504, 508 (Fla. 4th DCA 2010). By contrast, a trial court’s ruling on a motion to transfer venue for convenience of the parties is reviewed for abuse of discretion. Id.
Several venue statutes must be considered here. Section 47.011, Florida Statutes (2015) provides that a civil action “shall be .brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.”. Where multiple defendants . reside in different counties, an action may be brought “in any county in which any defendant resides.” § 47.021, Fla. Stat. (2015). Section 47.041, Florida Statutes (2015) provides that “[a]ctions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.” Finally, section 47.051, Florida Statutes (2015) provides that actions against foreign corporations doing business in Florida shall be brought “in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.”
Smith’s amended complaint alleged that Hartford was a foreign corporation registered to do business in Florida, and that the defendant law firm it hired represented clients in Florida and had an office in Palm Beach County. He further alleged that defendant Attorney Logan was an employee of that law firm, and that he was admitted to practice and was practicing law in Palm Beach County. Hartford expressly recognized in its motion to transfer venue that defendant Attorney Logan resided in Palm Beach County. It did not contest or question Logan’s place of residence in the trial court.
Attorney Logan is a defendant and witness in this case on both counts. His residence alone would support venue in Palm Beach County. If venue lies in Palm Beach County for any of the counts asserted, it will lie for the others, as provided by section 47.041, Florida Statutes (2015). To the extent Hartford argues on appeal that Attorney Logan does not reside in Palm Beach County, it failed to preserve this claim by raising it below.
We further conclude that the trial court did not abuse its discretion in denying the motion to transfer for convenience. Section 47.122, Florida Statutes (2015), provides as follows and frames the trial court’s analysis of that motion:
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
Hartford noted that several witnesses for Smith are located in counties outside of Palm Beach. However, it did not demonstrate that Smith actually intended to call them at trial. Further, Hartford failed to indicate the significance of their testimony or show how any of them would be inconvenienced by having to travel to Palm Beach County to testify. Absent such a showing, a trial court’s denial of a motion to transfer for convenience will be affirmed. R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 636 (Fla. 4th DCA 1998).

Affirmed in part and dismissed in part.

CIKLIN, C.J., CONNER and FORST, JJ., concur.