645 So.2d 96 (1994)
Harold A. JOHNSON, Appellant,
v.
Charles M. HARRIS and Penny H. Cooper, Appellees.
No. 94-1416.
District Court of Appeal of Florida, Fifth District.
November 9, 1994.
Rehearing Denied December 8, 1994.
*97 Harold A. Johnson, in pro. per.
Robert A. Butterworth, Atty. Gen., and Kenneth W. Williams and Paul J. Martin, Tallahassee, Asst. Attys. Gen., for appellees.
Before HUBBART, JORGENSON, and GERSTEN, Associate Judges.
PER CURIAM.
This is an appeal of an order dismissing with prejudice Harold A. Johnson's complaint against Judge Charles M. Harris and Penny H. Cooper, his judicial assistant. We affirm.
This case stems from a foreclosure action in Brevard County circuit court. Harris, at the time a circuit court judge,[1] issued an order on July 22, 1988, foreclosing on Johnson's property. However, at the time there was a non-final order in the action pending on appeal in the Fifth District Court of Appeal. Johnson failed to timely challenge the foreclosure, allegedly because Ms. Cooper incorrectly dated the foreclosure order. Johnson claims he did not discover the alleged error until it was too late to appeal.
Johnson filed suit against Judge Harris and Ms. Cooper in Volusia County circuit court on March 18, 1994, almost six years after the date of the foreclosure order, seeking relief from a void judgment and $120,000 in damages. The trial court granted the defendant's motion to dismiss the case with prejudice, and this appeal follows.
The trial court properly dismissed the case with prejudice, as Judge Harris and his judicial assistant are cloaked with absolute judicial immunity. "This doctrine which insures that judges are immune from liability for damages for acts committed within their judicial jurisdiction is essential to the preservation of an independent judiciary." Berry v. State, 400 So.2d 80, 82-83 (Fla. 4th DCA), rev. denied, 411 So.2d 380 (Fla. 1981); see also Office of the State Attorney v. Parrotino, 628 So.2d 1097 (Fla. 1993). As Judge Gee so eloquently wrote:
[T]he absolute immunity that judges enjoy exists for the benefit of the judicial system and of the public, not for that of the judge. Only a hero could exercise an unfettered judgment while facing, day after *98 day and case after case, the prospect of personal ruin implicit in permitting every losing party to sue him for damages. There have never been enough heroes to go around, and a sound policy must deal with the prospect that some who occupy the bench may not be of that ilk... .
All authorities recognize that when a judge acts in a "clear absence of all jurisdiction" he is not protected. But any broader or less explicit inroad upon the robe's immunity in an attempt to reach its wearer would invite recurring attempts at enlargement, ruinous in terms of judicial time and funds expended to defend  even successfully  against them. Thus the rule of judicial immunity from damages, with its single, bright-line exception, is as broad as, but no broader than, is necessary.
Sparks v. Duval County Ranch Co., 604 F.2d 976, 979-80 (5th Cir.1979) (footnote omitted), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).
Judges enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction. Berry, 400 So.2d at 83. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the `clear absence of all jurisdiction.'" Stump v. Sparkman 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331, 339 (1978) (citation omitted) (emphasis added). Here, the defendants clearly meet the two-part test of judicial immunity: 1) ruling in the foreclosure action was a judicial act, and 2) Judge Harris still had subject matter jurisdiction in the case even while the non-final order was on appeal. Fla.R.App.P. 9.130(f); Esposito v. Horning, 416 So.2d 896 (Fla. 4th DCA 1982) (while non-final order was on appeal trial court had jurisdiction to proceed with the case but not to enter a final judgment). Ms. Cooper, acting on behalf of Judge Harris, shares his absolute immunity.[2]
Because Judge Harris and Ms. Cooper were protected by judicial immunity, the trial court's dismissal of the complaint with prejudice is affirmed.
NOTES
[1] Judge Harris currently is chief judge of the Fifth District Court of Appeal.
[2] Our finding of judicial immunity makes it unnecessary to consider the statute of limitations or the sufficiency of the complaint. However, it should be noted that the trial court was correct in setting aside the clerical default judgment against Judge Harris since his responsive pleading to the complaint was properly served within 20 days.