W. SHARP, Judge.
Harold A. Johnson .petitions this court for a writ of prohibition. In 1988, after this court had affirmed a nonfinal appeal but before the mandate was issued, the trial court entered a Summary Judgment of Foreclosure. Since 1988, the petitioner has argued that the judgment was entered at a time when the trial court did not have jurisdiction. This is at least the fifth time that he has made this same argument to this same court. We decline to issue the writ because we are bound by the law of the case. See, e.g., White v. State, 651 So.2d 726 (Fla. 5th DCA 1995); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). Whether it was correctly decided would depend upon the nature of the nonfinal order under review at the time. Under Florida Rule of Appellate Procedure 9.130(f), trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court, and the lower court has jurisdiction to proceed with matters not before the appellate court. At this point its correctness, vel non, is academic because this court has already determined that the trial court had jurisdiction to enter the order. Johnson v. Harris, *724 645 So.2d 96 (Fla. 5th DCA 1994). We will not revisit this issue again.[1]
Petition for Writ of Prohibition DENIED.
PETERSON, C.J., and GRIFFIN, J., concur.

. The issue was previously argued in this court in Johnson v. Lomas & Nettleton Co., No. 89-1136, 557 So.2d 48 (Fla. 5th DCA 1990); Johnson v. Harris, No. 94-1416, 645 So.2d 96 (Fla. 5th DCA 1994); Johnson v. Lomas & Nettleton Co., No. 95-1207, 670 So.2d 963 (Fla. 5th DCA 1996); Johnson v. Circuit Court, Eighteenth Judicial Circuit, No. 95-3319 (Fla. 5th DCA, Feb. 8, 1996) (petition dismissed by unpublished order). It has also been argued in the Florida Supreme Court in Johnson v. Fifth District, No. 86, 071, 662 So.2d 342 (Fla.1995) and Johnson v. Fifth District, No. 84,491, 649 So.2d 869 (Fla.1995).