OWEN, WILLIAM C., Jr., Senior Judge:
Appellant, while a county judge in Bro-ward County, entered a blanket order of recusal to be placed in the court file of all cases assigned to him in which appellees appeared as counsel. Appellees obtained a circuit court order[1] requiring appellant to vacate the orders and enter certain other orders. We reverse because it is clear on the record that appellant had resigned and was no longer a judicial officer at the time the judgment was entered.
In January 1995, for reasons not necessary to recite in this opinion, appellant developed an animosity toward the appellees. He thereafter issued a blanket order recusing himself from all cases then pending or subsequently filed in which appellees appeared as counsel, and directed the clerk to place a copy of the order in the court file of each such case. The form orders contained appellant’s version of how and why he felt the recusal necessary. Appellees considered the form orders offensive and actionable. When appellees’ conciliatory efforts proved futile, they filed this action in the circuit court. They sought, among other things, a writ of prohibition, a writ of mandamus, and both temporary and permanent injunctions, all of which essentially asked for the identical relief, i.e., ordering appellant in his judicial capacity to take certain actions, including the vacating of the offending orders and the entering of other orders. They also sought a declaratory judgment that appellant’s acts were outside his “judicial scope and authority” so as to permit them to seek damages from appellant.
Appellant’s motion to dismiss on the basis of judicial immunity was denied and he filed in this court a petition for certiorari to review that order. While that matter was pending here, both parties moved for summary judgment and a hearing was scheduled. Before the motions for summary judgment were heard, appellant resigned from the bench. Thereafter, the court granted the appellees’ motions for summary judgment as to the writ of prohibition, the writ of mandamus, and the permanent injunction; appellant appealed that order. When it appeared to us that the court had not disposed of the count seeking declaratory judgment, we relinquished jurisdiction to permit to court to rule on appellant’s motion for summary judgment as to that count. The court granted appellant’s motion on the count for declaratory judgment and that has not been appealed. We have consolidated the appeal and the petition for certiorari.
The question of whether appellant had judicial immunity for his act of entering the offending orders of recusal is moot in view of the fact that the court entered summary judgment for appellant on the count seeking declaratory judgment, the only count to which the defense of judicial immunity would apply. Nonetheless, it is clear that appellant did have judicial immunity. See *753 Berry v. State, 400 So.2d 80, 82-3 (Fla. 4th DCA 1981); Rivello v. Cooper City, 322 So.2d 602, 607 (Fla. 4th DCA 1975); Johnson v. Harris, 645 So.2d 96, 97 (Fla. 5th DCA 1994).
The court’s order of September 20, 1996, granting appellees’ -writs of mandamus and prohibition and motion for permanent injunction, clearly required appellant to vacate and enter certain judicial orders. However, appellant had submitted his resignation by letter dated March 25, 1996, to be effective August 31,1996, and was thus no longer a judge in the Broward County court at the time the circuit court issued its order. Appellant’s resignation, of which the court had notice at the time of the hearing, rendered moot the relief sought by mandamus, prohibition, and injunction, as appellant was without the power or authority at that point in time to enter any judicial orders. It was therefore error for the court to order appellant to do so. That part of the order appealed requiring appellant to enter any judicial order or perform any judicial function as a judge of the Broward County Court is reversed.
REVERSED.
WARNER and FARMER, JJ., concur.

. The parties have treated the circuit court order as a final judgment.