SALCINES, Judge.
Keith D. Limehouse appeals the dismissal of his complaint against Judge James D. Whittemore. We affirm.
*87 Limehouse instituted a malpractice action against the attorneys who had once represented him in a matter. Judge Whittemore was the presiding judge over that malpractice suit. The attorneys moved for summary judgment. Judge Whittemore granted the motion.
Subsequently, Limehouse filed the complaint which is the subject of this appeal asserting that Judge Whittemore committed fraud when he issued the order granting summary judgment in favor of the attorneys. The trial court entertaining the complaint for fraud against Judge Whitte-more granted a motion to dismiss the complaint with prejudice based upon the doctrine of absolute judicial immunity,
Florida’s long-standing doctrine which protects judges from liability for damages for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction, clearly governs this case. See Johnson v. Harris, 645 So.2d 96, 97-98 (Fla. 5th DCA 1994). This doctrine is essential to the preservation of an independent judiciary. This well recognized doctrine it exists for the benefit of the public and our judicial system, not for the benefit of the trial judge. Id. We hold that the dismissal was proper because Judge Whittemore clearly was acting in his judicial capacity in a matter over which his court had jurisdiction when he issued the subject order.
Affirmed.
BLUE, A.C.J., and NORTHCUTT, J„ Concur.