T.C. Memo. 2001-97

UNITED STATES TAX COURT

HAROLD A. JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15905-99.                    Filed April 24, 2001.

Harold A. Johnson, pro se.

<u>Randall B. Pooler</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax for 1998 in the
amount of $2,111.

The issue for decision is whether petitioner is entitled to
a deduction under section 165(c)(3) for a casualty or theft loss

attributable to the foreclosure of his personal residence.[1]

## FINDINGS OF FACT[2]

Some of the facts have been stipulated, and they are so found. Petitioner resided in Brunswick, Georgia, at the time that his petition was filed with the Court.

### A. Purchase of the Merritt Island Property

In 1977, petitioner purchased a single-family house located at 1170 Outrigger Drive, Merritt Island, Florida (the Merritt Island property). Petitioner purchased the Merritt Island property for $38,500 and financed it by a 30-year purchase money mortgage for $36,000.[3] Petitioner used the Merritt Island property as his personal residence.

### B. Foreclosure of the Merritt Island Property

In or about 1988, a mortgage foreclosure proceeding was commenced in the Brevard County, Florida, circuit court (the Brevard County court) in respect of the Merritt Island property.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1998, the taxable year in issue.

[2] At trial, we deferred ruling on certain evidentiary objections relating to relevancy that the parties reserved in the stipulation of facts. We now overrule those objections.

[3] It would appear that the Merritt Island property was subsequently encumbered with a second mortgage. However, the record does not disclose either the amount or the nature or purpose of the loan for which that mortgage was given.

On July 22, 1988, Judge Charles M. Harris (Judge Harris) of the Brevard County court issued an order foreclosing on the Merritt Island property.  Later that year petitioner vacated the premises.

At the foreclosure sale, the Merritt Island property was sold for $49,000.  Thereafter, a certificate of title was issued to the purchaser.

C.  Collateral Litigation Involving the Merritt Island Property

Petitioner participated in the foreclosure proceeding. However, he failed to timely challenge the July 22, 1988, foreclosure order, allegedly because Judge Harris' judicial assistant, Penny Cooper (Ms. Cooper), incorrectly dated the order.  According to petitioner, he did not discover the alleged error until after the applicable appeal period had expired.

In March 1994, nearly 6 years after the July 22, 1988, foreclosure order was issued, petitioner commenced an action against Judge Harris and Ms. Cooper in the Volusia County, Florida, circuit court (the Volusia County court).  Petitioner alleged that at the time the foreclosure order was issued, a nonfinal order was pending on appeal before the Fifth District Court of Appeal, the pendency of which served (in petitioner's

opinion) to divest Judge Harris of jurisdiction to issue the foreclosure order.[4]

The Volusia County court dismissed petitioner's action with prejudice. The district court of appeal affirmed the dismissal. See <u>Johnson v. Harris</u>, 645 So. 2d 96 (Fla. Dist. Ct. App. 1994). In affirming the dismissal, the court of appeal stated that "Judge Harris still had subject matter jurisdiction in the case even while the nonfinal order was on appeal." <u>Id.</u> at 98.

Not satisfied with the result in <u>Johnson v. Harris</u>, <u>supra</u>, petitioner filed a petition for a writ of prohibition. The court of appeal denied the petition. See <u>Johnson v. Circuit Court</u>, 686 So. 2d 723 (Fla. Dist. Ct. App. 1997). In doing so, the court of appeal stated, in part, as follows:

> Since 1988, the petitioner has argued that the [foreclosure] judgment was entered at a time when the trial court did not have jurisdiction. This is at least the fifth time that he has made this same argument to this same court. * * * Under Florida Rule of Appellate Procedure 9.130(f), trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court, and the lower court has jurisdiction to proceed with matters not before the appellate court. * * * [T]his court has already determined that the trial court had jurisdiction to enter the [foreclosure] order. <u>Johnson v. Harris</u>, 645 So.2d 96 (Fla. 5[th] DCA 1994). We will not revisit this issue again.[1]
> 
> _____
> [1] The issue was previously argued in this court in <u>Johnson v. Lomas & Nettleton Co.</u>, No. 89-1136, 557 So.2d 48 (Fla. 5[th] DCA 1990); <u>Johnson v. Harris</u>, No.

---

[4]   The nonfinal order was an order dismissing petitioner's mother as a party to the foreclosure proceeding.

94-1416, 645 So.2d 96 (Fla. 5th DCA 1994); <u>Johnson v. Lomas & Nettleton Co.</u>, No. 95-1207, 670 So.2d 963 (Fla. 5th DCA 1996); <u>Johnson v. Circuit Court, Eighteenth Judicial District</u>, No. 95-3319 (Fla. 5th DCA, Feb. 8, 1996) (petition dismissed by unpublished order).  It has also been argued in the Florida Supreme Court in <u>Johnson v. Fifth District</u>, No. 86,071, 662 So.2d 342 (Fla. 1995) and <u>Johnson v. Fifth District</u>, No. 84,491, 649 So.2d 869 (Fla. 1995).

In or about August 2000, petitioner filed a purported trust indenture with the clerk of courts of Brevard County, Florida. This document purports to convey the Merritt Island property from petitioner as settlor to petitioner as trustee on the ground that "the [July 22, 1988] foreclosure order was entered without jurisdiction and therefore VOID".

At the time of trial of the present case, petitioner was a party in a quiet title action regarding the Merritt Island property.

D. <u>Petitioner's Income Tax Returns</u>

In or about January 1997, petitioner submitted an amended income tax return, Form 1040X, for 1995.  On the Form 1040X, petitioner claimed a $70,000 deduction in respect of the Merritt Island property based on "judicial theft of real estate".  In support of the deduction, petitioner stated that the "trial court did not have jurisdiction to enter a final judgment" and that the "foreclosure judgment was void for lack of jurisdiction".[5]

---

[5] In support of the claimed deduction, petitioner also attached 1995 Form 4684, Casualties and Thefts, to the Form

(continued...)

Petitioner used the deduction to offset previously reported taxable income in the amount of $10,703.

On his 1996 Form 1040, U.S. Individual Income Tax Return, petitioner claimed a carryover loss in the amount of $59,287 in respect of the Merritt Island property.[6]  Petitioner used the carryover to completely offset his reported income for that year.

On his 1997 income tax return, Form 1040, petitioner claimed a carryover loss in the amount of $29,947 in respect of the Merritt Island property.  Petitioner used the carryover to completely offset his reported income for that year.

On his 1998 income tax return, Form 1040, petitioner claimed a carryover loss in the amount of $25,811.21 in respect of the Merritt Island property.  Petitioner used the carryover to completely offset his reported income for that year.

E.   The Notice of Deficiency

Respondent determined a deficiency in petitioner's income tax for 1998.  The deficiency is attributable solely to the disallowance of the $25,811.21 carryover loss claimed by

---

[5](...continued)
1040X.  It would appear that the amount of the claimed loss represented petitioner's estimate of the then fair market value of the Merritt Island property.

[6]  This amount represents the difference between $70,000, the amount of the casualty or theft loss claimed on the Form 1040X for 1995, and $10,703, petitioner's taxable income for that year.  Arithmetically, the difference between these two amounts is $59,2_97_.  The amount claimed by petitioner on his 1996 return, $59,2_87_, reflects a $10 computational or typographical error.

petitioner for that year in respect of the Merritt Island property.[7]

## OPINION

As a general rule, section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.  However, in the case of an individual, section 165(c) limits the deduction to:  (1) Losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, even though not connected with a trade or business; and (3) losses of property not connected with a trade or business or with a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

In the present case, petitioner does not contend that the foreclosure of the Merritt Island property constitutes either a loss incurred in a trade or business or a loss incurred in a transaction entered into for profit.  Indeed, the Merritt Island property was petitioner's personal residence; moreover, petitioner has never claimed that the foreclosure of the property was other than a theft.  We therefore analyze the propriety of petitioner's deduction under section 165(c)(3).

For purposes of section 165, the term "theft" includes, but

---

[7] The record is not clear whether respondent ever took any action regarding the losses claimed by petitioner for 1995 through 1997 in respect of the Merritt Island property.

is not necessarily limited to, larceny, embezzlement, and robbery.  Sec. 1.165-8(d), Income Tax Regs.  The term covers "any criminal appropriation of another's property to the use of the taker".  Edwards v. Bromberg, 232 F.2d 107, 110 (5th Cir. 1956); see Johnson v. United States, 291 F.2d 908, 909 (8th Cir. 1961) (losses from theft within the meaning of section 165 "consist only of takings and deprivations in which the element of criminal intent has been involved").

On his Form 1040X for 1995, petitioner described the foreclosure of the Merritt Island property as a "judicial theft of real estate".[8]  However, at trial, petitioner testified as follows:  "It's a strange kind of loss.  It's not really a theft loss, because there was no criminal intent.  It's a due process theft."

Petitioner's theory is that Judge Harris lacked jurisdiction to issue the July 22, 1988, foreclosure order because of the pendency of an appeal in respect of a nonfinal order; therefore, in petitioner's view, the foreclosure of the Merritt Island property pursuant to such order gave rise to a "due process theft".

We question whether there is any such thing as a "due process theft" or, if there is, whether a "due process theft"

---

[8]  In his petition, petitioner described the foreclosure of the Merritt Island property similarly, calling it a "judicial theft of property".

constitutes a theft within the meaning of section 165.  See

<u>Johnson v. United States</u>, <u>supra</u> at 909 (neither foreclosure by

bank on property to enforce its security interest nor bank's

exercise of its right of setoff against funds on deposit

constituted a theft within the meaning of section 165); <u>Rafter v.</u>

<u>Commissioner</u>, 60 T.C. 1, 13 (1973) (neither seizure of automobile

pursuant to writ of attachment nor repossession of automobile

pursuant to a security interest constituted a theft within the

meaning of section 165; both the seizure and the repossession

were under color of law and no criminal intent was demonstrated),

affd. 489 F.2d 752 (2$^{d}$ Cir. 1974); see also <u>Vance v.</u>

<u>Commissioner</u>, 36 T.C. 547, 551 (1961); <u>Washington v.</u>

<u>Commissioner</u>, T.C. Memo. 1990-386, affd. without published

opinion 930 F.2d 919 (6th Cir. 1991).  However, we need not

decide either matter because the premise on which petitioner's

theory rests is lacking.  In this regard we observe that the

Florida court of appeal has consistently held that Judge Harris

had jurisdiction to issue the July 22, 1988, foreclosure order

and that the Florida Supreme Court has declined to review that

ruling.  We need go no further.[9]

_____

[9]  In 2000, petitioner filed an action against Sandy
Crawford, Clerk of Courts of Brevard County, Florida, in the U.S.
District Court for the Middle District of Florida, seeking to
declare the July 22, 1988, foreclosure order void.  The District
Court dismissed petitioner's complaint.  On Feb. 16, 2001, the
U.S. Court of Appeals for the Eleventh Circuit affirmed the
(continued...)

Equally unpersuasive is any contention that the foreclosure of the Merritt Island property constitutes a casualty loss within the meaning of section 165(c)(3). A casualty loss is limited to a loss caused by some sudden, unexpected, and external force such as fire, storm, shipwreck or similar event or accident. See <u>White v. Commissioner</u>, 48 T.C. 430 (1967). Petitioner's loss of the Merritt Island property by foreclosure was not caused by any sudden, unexpected, or external force, but rather by his failure to properly make payments on his mortgage loan. See <u>Washington v. Commissioner</u>, <u>supra</u>.

Respondent's disallowance of the deduction in question might also be sustained for any number of other reasons, among them the following:

The sale of mortgaged property at a foreclosure sale is treated as a sale or exchange from which the mortgagor may realize gain or loss under section 1001. See <u>Helvering v. Hammel</u>, 311 U.S. 504 (1941). In the present case, the facts suggest that there may have been a gain on the foreclosure, and not a loss, because the Merritt Island property was sold for an amount greater than its original cost.[10] See <u>Emmons v.</u>

---

[9](...continued)
dismissal in an unpublished opinion. See No. 00-14389-HH; see also <u>Siegel v. LePore</u>, 234 F.3d 1163, 1172 (11th Cir. 2000).

[10] There is no persuasive evidence in the record regarding the cost of any improvements that petitioner might have made to
(continued...)

<u>Commissioner</u>, T.C. Memo. 1998-173.  In any event, even if a loss were realized on foreclosure, the loss would not be deductible because the Merritt Island property was petitioner's personal residence.  See <u>Quinn v. Commissioner</u>, T.C. Memo. 1983-485; secs. 1.165-9(a), 1.262-1(b)(4), Income Tax Regs.

In view of the foregoing, we hold that petitioner is not entitled to any carryover of a casualty or theft loss in respect of the Merritt Island property for the year in issue. Respondent's determination is therefore sustained.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[10](...continued)
the property prior to the foreclosure.  See also <u>supra</u> note 3.