HAWKES, C.J.
Petitioner Jim Fuller — Clerk of Courts for the Fourth Judicial Circuit — has petitioned this Court to quash a trial court order denying his motion to dismiss a class action. The class action was brought against Fuller in his official capacity by cited drivers who claimed he acted improperly by recommending to the DMV that their licenses be suspended without first scheduling a court hearing. In the motion to dismiss, Fuller claimed judicial immunity against the class action, arguing he was simply following protocol established in several administrative orders. The trial court rejected this defense and allowed the class action to proceed. We find a departure from the essential requirements of the law, and irreparable harm, if the litigation proceeds further. We grant the writ and quash the order.
Standard of Review
To receive certiorari jurisdiction over a non-final, non-appealable order, a petitioner must show two prerequisites. First, that the order caused irreparable harm which cannot be remedied on appeal following final judgment; and second, that the order departed from the essential requirements of the law.[1] To demonstrate irreparable harm, the petitioner must show either that the injury cannot be redressed in a court of law or that there is no adequate legal remedy.[2] To demonstrate a departure from the essential requirements of the law, the petitioner must show “the trial court made an error so serious that it amounts to a miscarriage of justice.”[3] Irreparable harm must be considered first.[4]
Assuming Fuller enjoys judicial immunity against this class action, he will be irreparably harmed if forced to participate in the underlying proceeding
According to Johnson v. Harris, 645 So.2d 96, 98 (Fla. 5th DCA 1994), judges and officials “enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction.”[5] The doctrine extends as well to quasi-judicial officers who perform judicial functions.[6] The rea *28 son for extending immunity to quasi-judicial officers is because “a strict guarantee of immunity is necessary to preserve the[ir] effectiveness and impartiality.”[7]
Regardless of whether the officer is judicial or quasi-judicial, it is well settled that judicial immunity is “immunity from suit, not just assessment of damages.”[8] Because judicial immunity is intended to prevent a judicial party from becoming involved in a lawsuit, it would be compromised, and irreparable harm sustained, simply by forcing a judicial party to become involved in litigation, irrespective of its outcome. The harm would be irreparable because if the parties wait to address the issue of judicial immunity until appeal, any protection the immunity affords against suit would be sacrificed.[9]
Given the foregoing, Fuller will be irreparably harmed if this case is allowed to proceed to trial without first determining his judicial immunity defense. Assuming Fuller is entitled to judicial immunity, there would be no way on appeal to redress the harm caused by entangling him in litigation. Therefore, the first prong of certiorari review — irreparable harm — exists here.
The trial court departed from the essential requirements of the law by finding that Fuller did not have judicial immunity against the claims raised in the class action
A judge or quasi-judicial official may claim judicial immunity if he can demonstrate two prerequisites: (1) the ruling in question was a “judicial act;” and (2) there was jurisdiction to issue the ruling.[10] When these two prongs can be shown, the judge or quasi-judicial official may claim judicial immunity, even if the ruling in question was unwise, reckless, or malicious.[11] Both of these prongs are met here.
First, Fuller’s act in question was a “judicial act.” A judge’s act may be viewed as “judicial” unless the conduct in question was purely ministerial. Ministerial acts “involve[] obedience to instructions or laws instead of discretion, judgment, or skill.”[12] Here, the “act” in question was Fuller’s decision to recommend that the DMV suspend the licenses of certain cited drivers without first scheduling a court hearing.
We find that any analysis of judicial immunity must focus upon the outcome of a particular action, instead of the act itself. See Mink v. Arizona, 2010 WL 2690633 *29 (D.Ariz. July 6, 2010). In Mink, which we view as persuasive authority, the clerk of a municipal court recommended license suspension when a driver failed to pay a fine. The driver sued the clerk for intentional infliction of emotional distress and negligence, arguing the clerk had made the recommendation without noting that the fine had been paid in full. The court found that because the ultimate decision to suspend the driver’s license was judicial, the “constituent parts of that act” — including the clerk’s recommendation — were also entitled to immunity.[13] Mink stated:
[T]he actual judicial decision to suspend Plaintiffs license is not the only action subject to judicial immunity. ‘The activities that are part and parcel of the decision process [also] justify absolute immunity.’[14]
Similarly, here, although Fuller lacked the power to suspend the licenses of those in the class, his recommendation was one step in that process. Without his recommendation, license suspension — which is obviously a discretionary judicial act— would not have occurred. Therefore, Fuller was engaging in a judicial act, not a ministerial one, when he recommended license suspension without scheduling a hearing.
Second, Fuller had jurisdiction to recommend license suspension. In the Fourth Circuit, Administrative Order 2001-7 gives drivers ninety days to respond to a traffic citation. It then states:
If a defendant has not rendered payment in full by the end of the said ninety (90) calendar days, the Clerk of the Court shall commence administrative action for suspension of the defendant’s driver’s license ...
Any defendant who fails to schedule a court date within ninety (90) days of receipt of a payable citation[] shall be considered to have waived any rights to a court hearing.
This language gave Fuller the authority to recommend license suspension once the ninety-day period expired, even if no court hearing had been held.
Since Fuller has shown he was engaged in a “judicial act” and had jurisdiction to do so, he has satisfied both prerequisites for judicial immunity and his actions were covered by the doctrine. Therefore, the trial court departed from the essential requirements of the law in denying his motion to dismiss the class action on judicial immunity grounds.
The doctrine of judicial immunity can be asserted in cases, such as this, where the relief requested is purely equitable
In its response, the class’s main argument is that judicial immunity was unavailable here as the complaint requested only equitable relief.[15] Traditionally, cases *30 dealing with judicial immunity in Florida address the doctrine only in the context of monetary damages.[16] However, simply because a complaint requests equitable relief does not remove the action from judicial immunity’s reach. No Florida case limits the doctrine’s application to cases involving monetary damages, nor does any Florida case hold the doctrine inapplicable to claims for equitable relief.
What is clear from caselaw, as previously mentioned, is that judicial immunity means “immunity from suit, not just assessment of damages.”[17] Accordingly, if a judicial or quasi-judicial officer’s actions qualify for judicial immunity, no suit — whether for monetary damages or equitable relief — can be brought.
The class cites Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), for the proposition that judicial immunity does not apply to actions seeking equitable relief. Pulliam held that “judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity.”[18] However, in 1996, Congress limited Pulliam’s holding by amending the Federal Courts Improvement Act to state injunctive relief against judges for judicial acts can be granted only in narrow circumstances.[19] Moreover, Pulliam is only persuasive authority, not binding precedent. Because the doctrine of judicial immunity arises from common law,[20] and is not a right guaranteed by the Federal Constitution, this Court is not bound by any United States Supreme Court case regarding it.
Accordingly, we reject the class’s argument that judicial immunity is available only when a party requests monetary damages. The doctrine applies equally to requests for equitable relief. Although the class has raised additional arguments to show judicial immunity should not apply, we find them unpersuasive.
Conclusion
We find Fuller was entitled to assert judicial immunity as an affirmative defense against the class action. Because involving Fuller in further litigation will negate this immunity, thereby causing irreparable harm, and because the trial court departed from the essential requirements of the law in finding the defense inapplicable, we GRANT the petition and QUASH the order denying Fuller’s motion to dismiss on judicial immunity grounds.
ROBERTS and ROWE, JJ., concur.

. See Dep't of Children & Families v. L.D., 840 So.2d 432, 435 (Fla. 5th DCA 2003); Smithers v. Smithers, 743 So.2d 605, 606 (Fla. 4th DCA 1999).

. See Egan v. City of Miami, 130 Fla. 465, 178 So. 132 (1938); Kellar v. Moore, 820 So.2d 1015, 1016 (Fla. 1st DCA 2002).

. See State v. Smith, 951 So.2d 954, 958 (Fla. 1st DCA 2007).

. See Taylor v. TGI Friday's, Inc., 16 So.3d 312, 313 (Fla. 1st DCA 2009).

. See also Dep’t of Highway Safety & Motor Vehicles v. Marks, 898 So.2d 1063, 1065 (Fla. 5th DCA 2005).

. See Office of State Attorney, Fourth Judicial Cir. of Fla. v. Parrotino, 628 So.2d 1097, 1098 (Fla.1993).

. Id.

. Kalmanson v. Lockett, 848 So.2d 374, 378 (Fla. 5th DCA 2003); see also Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

. Parallels can be seen in the protection afforded by sovereign immunity. Compare Tucker v. Resha, 648 So.2d 1187, 1189 (Fla.1994) (stating that if sovereign immunity applies, "the public official cannot be ‘re-immunized’ if erroneously required to stand trial or face the other burdens of litigation’’); and O’Brien v. Exposito, 824 So.2d 954, 955 (Fla. 3d DCA 2002) (stating ”[b]ecause qualified immunity protects an individual from having to defend a suit, O'Brien will effectively lose his entitlement to qualified immunity if the case proceeds to trial, thereby causing irreparable injury to O’Brien”).

. See Johnson, 645 So.2d at 98; see also Limehouse v. Whittemore, 773 So.2d 86, 87 (Fla. 2d DCA 2000).

. See Cunningham v. Fla. Dept’ of Children & Families, 782 So.2d 913, 918 (Fla. 1st DCA 2001).

. Black’s Law Dictionary, 1011 (7th ed. 1999).

. See Mink, 2010 WL 26906233, at *2.

. Id. at *2, quoting In re Castillo, 297 F.3d 940, 952 (9th Cir.2002).

. The original complaint from the class contained three causes of action, each requesting a different form of relief. The first two causes of action requested, respectively, declaratory and injunctive relief. These forms of relief are obviously equitable. The third cause of action requested restitution; because this monetary request was simply to recoup the funds that the drivers spent to prevent license suspension or have their licenses reinstated, it may be considered equitable as well. See Ocean Communications v. Bubeck, 956 So.2d 1222, 1225 (Fla. 4th DCA 2007) (finding restitution is an equitable remedy when it is intended to place the injured party in the same position he would have occupied had the harm not occurred).

. See Limehouse, 773 So.2d at 87 (stating judicial immunity applies in a malpractice suit because it "protects judges from liability for damages”); Berry v. State, 400 So.2d 80, 82-83 (stating judicial immunity “insures that judges are immune from liability for damages”).

. Kalmanson, 848 So.2d at 378.

. Id. at 541-42, 104 S.Ct. 1970.

. See Tesmer v. Granholm, 114 F.Supp.2d 603, 618 (E.D.Mich.2000) (finding the 1996 amendment narrowed the circumstances in which injunctive relief could be obtained against judges, although it had no effect on requests for declaratory relief).

. See Berry, 400 So.2d at 82-83.