FERNANDEZ, J.
Ronald Scott Morgan appeals the administrative law judge’s denial of his motion to intervene in an environmental enforcement proceeding and the trial court’s dismissal of count III of his complaint in which he sought enforcement of regulatory violations filed against his adjacent neighbor, Jeffrey M. Adeeb. We affirm because Florida law does not afford citizens the right to intervene in agency enforcement proceedings, and because the trial court correctly determined that the Department of Environmental Protection diligently prosecuted the petition for enforcement pursuant to section 120.69, Florida Statutes (2010).
In 2005, Adeeb applied for a permit with the Department of Environmental Protection to use sovereign submerged lands for the construction of a five-hundred foot long dock that extended into the Atlantic Ocean. The Department granted the permit and Adeeb began construction four years later.
Morgan subsequently filed suit to secure an injunction against the construction of the dock and to require its removal. The Department also issued a Notice of Violation and Order for Corrective Action for, among other things, Adeeb’s false submissions in a geological survey taken prior to the issuance of the permit. Adeeb opted for a formal administrative hearing, which the Department forwarded for assignment. Adeeb and the Department thereafter submitted a joint request to the administrative law judge to place the case in abeyance. The administrative law judge granted the request and has continued to grant similar requests over a two-year period.
Morgan then moved to intervene in the administrative proceedings. Because the proceedings were an enforcement action, the administrative law judge denied the motion on the grounds that Florida law does not grant standing to citizens in agency enforcement proceedings. Thereafter, as an alternative course of action, Morgan filed an amended complaint with the trial court. In count III, Morgan petitioned for enforcement of the agency action brought pursuant to section 120.69, Florida Statutes (2010). Adeeb moved to dismiss for lack of subject matter jurisdiction. The court granted the motion.
We first address the administrative law judge’s denial of Morgan’s motion to intervene. We conclude that the administrative law judge properly ruled that citizens do not have a right to intervene in agency enforcement proceedings. A denial of a motion intervene in an administrative proceeding is a non-final agency action. See Charter Medical-Jacksonville, Inc. v. Cmty. Psychiatric Ctrs. of Fla., Inc., 482 So.2d 487, 487 (Fla. 1st DCA 1985). The scope of review in this type of matter is “analogous to, and no broader than the right of review by common law certiorari.” CNL Resort Hotel, L.P. v. City of Doral, 991 So.2d 417, 420 (Fla. 3d DCA 2008). Morgan thus must demonstrate *653 that the administrative law judge departed from the essential requirements of the law and caused irreparable injury which cannot be adequately remedied on appeal upon the entry of final judgment. Id.
We conclude that there is no departure from the essential requirements of law. Florida law allows citizen intervention in administrative hearings under certain circumstances. The state legislature enacted the Environmental Protection Act of 1971 to give citizens of the state substantive rights to challenge certain environmental permits. See Envtl. Confed. of Sw. Fla., Inc. v. Dep’t of Envtl. Prot., 886 So.2d 1013, 1017 (Fla. 1st DCA 2004). Section 403.412(5), Florida Statutes (2010), authorizes a citizen of the state to intervene as a party without meeting standing requirements in any “administrative, licensing, or other proceedings authorized by law for the protection of the air, water, or other natural resources of the state from pollution, impairment, or destruction.” Greene v. Dep’t of Natural Res., 414 So.2d 251, 254 (Fla. 1st DCA 1982). The statute further states that a citizen will have standing to intervene upon filing a verified pleading that asserts the activity, conduct, or product to be licensed or permitted has or will have the effect of impairing, polluting, or otherwise injuring the air, water, or other natural resources of the state. § 403.412(5), Fla. Stat. (2010).
Morgan would have this Court interpret the language of the statute to not only include license and permit proceedings, but enforcement proceedings as well. However, the plain language of the statute does not support that conclusion. The legislature has determined that intervention under subsection five of the Environmental Protection Act is limited to proceedings in which the challenged activities, conduct, or products are sought “to be permitted or licensed.” Id. It is well established that when the language of a statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning. See GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007). Where the legislature limits the application of a statute to specific activities, the court is bound to apply the statutory language and cannot “depart from the plain meaning of the language which is free from ambiguity.” L.A.P. v. State, 62 So.3d 693, 695 (Fla. 2d DCA 2011).
It is thus evident that the legislature intended section 403.412(5), Florida Statutes (2010), to allow citizens of the state to intervene in permit and license proceedings only. Because Adeeb’s proceeding is an enforcement action, Morgan has no right to intervention.
We next address the trial court’s dismissal of Morgan’s enforcement action brought pursuant to section 120.69, Florida Statutes (2010). The standard of review for a motion to dismiss is de novo. See Wallace v. Dean, 3 So.3d 1035, 1045 (Fla.2009). We conclude that the trial court correctly determined that no cause of action existed.
Adeeb expressly challenged the subject matter jurisdiction of count III in Morgan’s amended complaint. Morgan argues that the trial court made an improper finding of fact to determine that the Department of Environmental Protection had initiated and “diligently prosecuted” an administrative complaint against Adeeb. We disagree. A trial court may look to facts gathered outside the pleadings, including affidavits, to determine subject matter jurisdiction. See Seminole Tribe of Fla. v. McCor, 903 So.2d 353, 357 (Fla. 2d DCA 2005).
Adeeb argued that the department had properly commenced and prosecuted an enforcement action against him pursuant *654 to section 120.69(l)(b)(2), Florida Statutes (2010). The statute provides that a substantially interested person may not bring a cause of action for enforcement of agency action “[i]f an agency has filed, and is diligently prosecuting, a petition for enforcement.” Id. If both of these elements are affirmatively answered, the claim cannot be brought.
The first prong is easily satisfied. There is no question that the Department of Environmental Protection had already initiated a petition for enforcement in its division of administrative hearings.
Morgan’s primary argument is that the court improperly determined that the matter is being diligently prosecuted because that is a determination that is properly left to the trier of fact. The facts, however, support the trial court’s interpretation. The record reflects that requests to hold the case in abeyance have continually been made over the past two years. We believe this indisputably demonstrates that the action has continually been prosecuted over that time, even if the action has consisted of joint requests to suspend further action.
 Florida courts have yet to define the term “diligently prosecuting” contained in section 120.69(l)(b)(2), Florida Statutes (2010). Federal courts have addressed the meaning of the phrase in the Clean Water Act, a federal statute that similarly permits citizen involvement in certain actions. See 33 U.S.C. § 1365 (2010). In its analysis of the “diligent prosecution” prong, the Middle District of Florida determined that appropriate deference must be afforded to the expertise of the agency enforcing state’s environmental laws. See St. Johns Riverlceeper, Inc. v. Jacksonville Elec. Auth., No. 3:07-CV-739-J-34(TEM), 2010 WL 745494, at *9 (M.D.Fla. Mar. 1, 2010). Diligence does not require “far-reaching or zealous” prosecution, nor must an agency’s prosecutorial strategy coincide with that of the citizen-plaintiff. Id. To second-guess the agency’s assessment of the appropriate remedy “fails to respect the statute’s careful distribution of enforcement authority ...” Id. There is a presumption of diligence on the part of the agency in prosecution of its cases and this presumption cannot be overcome simply because the agency’s prosecution strategy is less aggressive than one would like. See Karr v. Hefner; 475 F.3d 1192, 1197 (10th Cir.2007). Therefore, the trial court correctly determined that no cause of action existed for Morgan’s enforcement claim.
In conclusion, the administrative law judge properly denied Morgan’s attempt to intervene because Florida law does not grant standing to citizens in agency enforcement proceedings. Moreover, the trial court correctly dismissed Morgan’s enforcement action.
Affirmed.