DAMOORGIAN, J.
Claudia J. Fong and Melanie I. Birken, as representatives of a class of individuals (collectively referred to as Plaintiffs), appeal the trial court’s dismissal of their suit against Howard C. Forman, as the Clerk of the Circuit Court for the Seventeenth Judicial Circuit in Broward County. We affirm.
The events leading to this suit began when each Plaintiff was issued a non-criminal traffic citation in Broward County. After receiving their' citations, the Clerk sent Plaintiffs a “Ticket Bill of Rights” outlining their options to resolve the citations. Their options were: 1) pay the fine; 2) elect to attend driver improvement school; or 3) request a hearing. After none of the Plaintiffs chose to exercise any of these options within the allotted time period, the Clerk reported them to the Department of Highway Safety and Motor Vehicles (“DHSMV”), which in turn suspended their licenses. Plaintiffs were required to pay a fee to have their licenses reinstated.
Plaintiffs filed a class action suit against the Clerk. In their suit, they alleged that under section 318.14(1), Florida Statutes (1998), the Clerk was obligated to cite them to appear in front of an “official” before it could report them to the DHSMV. They further alleged that the Clerk’s failure to do so was the result of a “policy or practice” adopted by the Clerk. Plaintiffs sought restitution in the form of *652 a refund for the administrative fees they were required to pay in conjunction with the suspension of their licenses, and a declaration that the Clerk’s “policy or practice” was illegal. The Clerk moved to dismiss the suit, arguing that the alleged “policy or practice” was set forth in an administrative order entered by the chief judge of the circuit court, and thus the Clerk was entitled to judicial immunity when effectuating that administrative order. Plaintiffs conceded that the Clerk was following an administrative order, but argued that the doctrine of judicial immunity was not applicable to the Clerk.[1] The trial court found that judicial immunity barred the suit, and granted the Clerk’s motion to dismiss. This appeal follows.
We begin our analysis by clarifying what this suit is and is not about. Although it seems plain to us that the heart of Plaintiffs’ claim requires a determination as to the legality of the administrative order, Plaintiffs chose to forego challenging the source of their problem and instead tried to wage a collateral attack against the Clerk for doing as he was required. If Plaintiffs wanted to challenge the administrative order, they were required to do so via a writ of certiorari to the district court of appeal. 1-888-Traffic Schls. v. Chief Cir. Judge, Fourth Judicial Cir., 734 So.2d 413, 414 (Fla.1999) (proper method for challenging chief judge of judicial circuit’s jurisdiction to enter an administrative order was via writ of certiorari to the district court). Thus, the question presented is not whether the policies set forth in the administrative order are valid, but whether judicial immunity bars any suit against a quasi-judicial official who is performing a judicial act at a judge’s directive. We hold that it does.
The doctrine of judicial immunity “insures that judges are immune from liability for damages for acts committed within their judicial jurisdiction [and] is essential to the preservation of an independent judiciary.” Berry v. State, 400 So.2d 80, 82-83 (Fla. 4th DCA 1981). Judges enjoy absolute immunity for acts performed in the course of their judicial capacities unless they clearly act without jurisdiction. Id. at 83. This doctrine has been extended to quasi-judicial officials, such as a clerk of court, performing judicial acts. See Office of State Attorney, Fourth Judicial Cir. of Fla. v. Parrotino, 628 So.2d 1097, 1098 (Fla.1993) (doctrine of judicial immunity extends to state attorneys); Johnson v. Harris, 645 So.2d 96, 98 (Fla. 5th DCA 1994) (holding that doctrine of judicial immunity protected judge’s assistant).
In Fuller v. Truncate, 50 So.3d 25 (Fla. 1st DCA 2010), rev. denied, 59 So.3d 110 (Fla.2011), our sister court held that a quasi-judicial official following the directive of a judge is entitled to judicial immunity. In a situation factually identical to the instant case, a class of plaintiffs sued a clerk of court claiming that the clerk acted improperly by recommending to the DHSMV that their licenses be suspended -without first scheduling a hearing. Id. at 27. The clerk moved to dismiss the suit, arguing that he was following protocol established in an administrative order. Id. *653 On appeal from an order denying the clerk’s motion to dismiss, the First District clarified that in Florida, judicial immunity applies to all forms of suits against judicial officials, not just suits for money damages. Id. at 29-30. It then held that the clerk was immune from suit because the chief judge of the circuit court’s “decision to recommend that the [DHSMV] suspend the licenses of certain cited drivers without first scheduling a court hearing” was a judicial act which the clerk of court carried out under the authority and direction of the administrative order. Id. at 28-29.
Although Plaintiffs attack the logic of Fuller, courts from other jurisdictions have reached the same conclusion. For example, in Kincaid v. Vail, 969 F.2d 594, 600 (7th Cir.1992), the Seventh Circuit held that a clerk following the directive of a judge is cloaked in judicial immunity. There, two plaintiffs filed suit against the clerk of court, alleging that the clerk of court wrongfully refused to accept their complaint and filing fees. Id. at 595. The clerk claimed immunity on the basis that he acted at a judge’s direction. Id. at 597-98. The district court granted summary judgment in the clerk’s favor, and the Seventh Circuit affirmed, holding that the clerk’s challenged actions “were done at judicial direction and therefore are nonme-chanical functions integral to the judicial process that are entitled to absolute immunity.” Id. at 601. See also Richman v. Sheahan, 270 F.Sd 430, 437 (7th Cir.2001) (noting that “for court personnel and adjuncts who do not exercise a discretionary function comparable to a judge’s, the justification for extending absolute immunity is most compelling when the lawsuit challenges conduct specifically directed by the judge-”).
We find Fuller to be directly on point and consistent with the established principle that a quasi-judicial official carrying out the directive of a judge is protected from suit by the doctrine of judicial immunity. Fuller, 50 So.3d at 28-29. The decision by the chief judge of the judicial circuit to forego citing the Plaintiffs to appear at a hearing before recommending that the DHSMV suspend their licenses was undoubtedly a judicial act. When the Clerk sent the notices to the DHSMV, it was performing that judicial act under the authority of the judge’s directive. Accordingly, the Clerk is immune from suit.

Affirmed.

MAY, C.J., and GERBER, J., concur.

. Although the existence of the administrative order was not acknowledged within the four corners of the complaint, the trial court properly considered it since it was raised by the consent of the parties and judicial immunity implicates the court's subject matter jurisdiction. Seminole Tribe of Fla. v. McCor, 903 So.2d 353, 357 (Fla. 2d DCA 2005) (holding that it was proper for the court to go outside the four corners of the complaint when considering a motion to dismiss based on immunity); Morgan v. Dep't of Envtl. Prot., 98 So.3d 651, 653 (Fla. 3d DCA 2012) (“A trial court may look to facts gathered outside the pleadings, including affidavits, to determine subject matter jurisdiction.").