WARNER, J.,
dissenting.
Although I agree that the clerk of court can assert judicial immunity for the acts of collecting and distributing the traffic fines, including the administrative fee, I cannot agree that there is any judicial immunity for the retention of the portion of the fine which-the clerk is allowed to keep in a fine and forfeiture fund pursuant to statute. That is directed by statute, not judicial discretion. , See §§ 28.246(3); 318.21, Fla. Stat. (2010). In fact, pursuant to section 28.246(3), as quoted by the majority, such funds are disbursed “in accordance with authorizations and procedures as established by general law,” not judicial authority. § .28.246(3), Fla. Stat. (emphasis added). The. ultimate action is not- judicial, but statutory. The clerk was not acting as an arm of the court in retaining the funds; he was retaining a portion of the funds at the legislative directive to help fund the clerk’s office, the funding of which is a legislatively controlled action.
Fong v. Forman, 105 So.3d 650 (Fla. 4th DCA 2013), and Fuller v. Truncale, 50 So.3d 25 (Fla. 1st DCA 2010), are not on point. There, the plaintiffs were challenging the clerks’ actions in the process of adjudicating traffic infractions and suspending drivers’ licenses. Here, the plaintiffs claims are directed not at the judicial process, but at the retention of the statutorily mandated fines by the clerk and others. The amount of the fines and who is entitled to them is really not integral to the judicial process.
I would reverse the order of dismissal, as the clehk is not protected by judicial immunity for his retention, pursuant to statute, of funds collected from traffic citations, the ground upon which the dismissal was predicated. While the majority opinion appears, not to decide the issue of whether the clerk is judicially immune from being required to issue a refund, the refund is the subject of the suit and the relief requested, so the issue should be decided in this appeal. Although the clerk raises the “voluntary payment doctrine” as a defense to this case, it was not raised by the clerk in the trial court. It would be premature to dispose of this appeal on an unpled defense.