# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2170
Lower Tribunal No. 21-2750
_____

**Wayne C. Johansson,**
Appellant,

vs.

**Miami-Dade County Value Adjustment Board,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Wayne C. Johansson, in proper person.

Millares Law Firm P.A., and Rafael E. Millares, for appellee.

Before LOGUE, HENDON and GORDO, JJ.

HENDON, J.

Wayne C. Johansson ("Appellant") appeals from a final order dismissing with prejudice his complaint against the Miami-Dade County Value Adjustment Board ("VAB").[1]  We affirm.

The Appellant asserted below that the VAB violated his procedural due process rights in reviewing his 2019 and 2020 value petitions by failing to adhere to the Florida Administrative Code. This was preceded by his petitions before the VAB to challenge certain property appraisals. He generally alleges the VAB denied his constitutional rights and ignored various "government limitations," as well as accused the VAB and its members of civil conspiracy, misconduct, and constructive fraud. Appellant's Counts I-X of his amended complaint claim violations by the VAB, VAB counsel, and the VAB special magistrates of certain Florida statutes and the Florida Administrative Code. Counts XI-XII request a permanent injunction and writ of mandamus against the VAB as well as general damages, punitive damages, costs and fees.

The VAB moved to dismiss the Appellant's amended complaint with prejudice asserting the VAB is a quasi-judicial entity immune from suit.

---

[1] Value adjustment boards are quasi-judicial state entities created by Florida statute to allow taxpayers to administratively challenge their tax assessments.  §§194.011 through 194.036, Fla. Stat. (2022); Redford v. Department of Revenue, 478 So. 2d 808, 810 (Fla. 1985).

The VAB argued that section 194.181, Florida Statutes, provides that the proper party to any case brought by a taxpayer to challenge property assessment is the county property appraiser, and that the VAB could not be a party to this lawsuit.

At the October 4, 2021, videoconference hearing on the VAB's motion to dismiss, the Appellant contended that he was not asserting a property tax issue, but rather alleged that the VAB violated his constitutional due process rights by not following certain Florida Administrative Code procedures. When asked by the court if he could provide examples of the alleged constitutional due process violations he contended the VAB committed, the Appellant generally stated, 1) in 2019 the administrative hearing officer used false evidence to justify her decision against the appellant; 2) in 2020, the hearing officer found that the office of the property appraiser did not substantiate its evaluation. The Appellant also accused the VAB of acting with legal malice by using administrative review processes to render arbitrary and capricious final decisions against him, and failed to support its final decision with required facts and conclusions of law. The trial court heard the parties' arguments and ultimately granted the VAB's motion to dismiss – not on the merits but because the VAB, as a quasi-judicial entity, is immune from suit, even a

3

suit alleging a procedural due process violation. The trial court dismissed the Appellant's complaint with prejudice, explaining that there was no claim the Appellant could bring that would allow him to sue the VAB.

We review de novo an order granting a motion to dismiss with prejudice. Chakra 5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018).

Discussion

The VAB is not the proper party to a suit challenging property assessment, or procedural or constitutional violations by the VAB. The record shows that the Appellant originally challenged certain property appraisals or assessments before the VAB. The VAB rendered a quasi-judicial ruling pursuant to sections 194.036(2) and 194.171, Florida Statutes. Dissatisfied with the process and outcome, the Appellant "appealed" the VAB's decision before the circuit court,[2] but as the record shows, he did not sue the proper party, which is the Miami-Dade Property Appraiser. Pursuant to section 194.171, a taxpayer may contest a tax

---

[2] A VAB decision is not "appealable" in the formal sense of an appeal as a review proceeding. Crapo v. Acad. for Five Element Acupuncture, Inc., 278 So. 3d 113, 122 (Fla. 1st DCA 2019). "While this process is referred to as an 'appeal' of the board's decision, actions brought in the circuit court pursuant to section 194.032, now section 194.036, are original actions, not appeals." Id. (quoting Williams v. Law, 368 So. 2d 1285 (Fla. 1979)).

4

assessment directly in circuit court, and sections 194.181(1) and (2) identify the proper parties to "any tax suit." Those sections indicate that a value adjustment board is not a proper party in an action brought by a taxpayer. Rather, the proper parties are the taxpayer and the property appraiser or official of the state government responsible for overall supervision of the assessment. See § 94.181(2)(a), Fla. Stat. (2022) ("In any case brought by a taxpayer or a condominium or cooperative association, as defined in ss. 718.103 and 719.103, respectively, on behalf of some or all unit or parcel owners, contesting the assessment of any property, the county property appraiser is a party defendant."). At that point, pursuant to section 194.036, it is the county property appraiser who will evaluate allegations of procedural and constitutional violations by the VAB.[3]

---

[3] Section 194.036. Florida Statutes (2022), provides, in pertinent part:

> Appeals of the decisions of the [Value Assessment] board shall be as follows:
>
> (1) If the property appraiser disagrees with the decision of the board, he or she may appeal the decision to the circuit court if one or more of the following criteria are met:
>
> > (a) The property appraiser determines and affirmatively asserts in any legal proceeding that there is a specific constitutional or statutory violation, or a specific violation of administrative rules, in the decision of the board, except that

Although the Appellant argues that this is not a "tax suit," the record indicates that his initial petitions before the VAB *were* challenges to property appraisals. The Appellant cannot now attempt to portray his dissatisfaction with the VAB's decision as procedural and constitutional violations.

The Appellant relies on <u>Higgs v. Prop. Appraisal Adjustment Board of Monroe County</u>, 411 So. 2d 307, 307 (Fla. 3d DCA 1982), for the proposition that the VAB can be sued by a taxpayer. This case, however, involves the property appraiser, not the taxpayer, seeking injunctive relief

---

nothing herein shall authorize the property appraiser to institute any suit to challenge the validity of any portion of the constitution or of any duly enacted legislative act of this state;

. . .

(c) There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the value adjustment board in its decisions. . . . <u>If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding.</u> . . .

(Emphasis added).

against the Monroe County VAB. In that case, the Court reversed the judgment of the trial court denying the property appraiser injunctive and other relief sought pursuant to section 194.032(6)(a)(3), Florida Statutes (1977), against the Property Appraisal Adjustment Board. The Court explained,

> In essence, this statute provides that if, after investigation, the Department of Revenue makes a probable cause determination that "there exists a consistent and continuous violation of the intent of the law or administrative rules by the Property Appraisal Adjustment Board in its decisions," see Property Appraisal Adjustment Board of Sarasota County v. Florida Department of Revenue, 349 So. 2d 804 (Fla. 2d DCA 1977), the Property Appraiser may bring suit to enjoin such future violations and to "restore the tax roll to its just value in such amount as determined by judicial proceeding."

(Emphasis added). The Higgs opinion does not support the Appellant's contention that an individual taxpayer can sue a VAB.

Ultimately, however, the VAB as a quasi-judicial body is immune from suit by the taxpayer. Courts apply immunity to decisional actions that are part and parcel of the judicial process, or functionally comparable to the work of judges—making decisions, resolving disputes, adjudicating rights, processing cases, and the like. See e.g., Montejo v. Martin Mem'l Med. Ctr., 935 So. 2d 1266, 1270 (Fla. 4th DCA 2006) (rejecting a hospital's quasi-judicial immunity claim because its action was not co-extensive with immunity afforded judges); Hill v. Suwannee River Water Mgmt. Dist., 217

7

So. 3d 1100, 1102–03 (Fla. 1st DCA 2017). A judge or quasi-judicial official may claim judicial immunity only if she can demonstrate: (1) the ruling in question was a 'judicial act' and (2) there was jurisdiction to issue the ruling." Fuller v. Truncale, 50 So. 3d 25, 28 (Fla. 1st DCA 2010). "When these two prongs can be shown, the judge or quasi-judicial official may claim judicial immunity, even if the ruling in question was unwise, reckless, or malicious." Id. Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." Zoba v. City of Coral Springs, 189 So. 3d 888, 891 (Fla. 4th DCA 2016) (quotation omitted).[4] The VAB's decisions and actions at issue in this case demonstrate both quasi-judicial activity and the jurisdiction to issue the rulings challenged by the Appellant. For the foregoing reasons, we affirm the trial court's dismissal of the complaint with prejudice. See

---

[4] Courts in Florida and elsewhere have applied quasi-judicial immunity in many instances where non-judges have made decisions resembling judicial acts. See, e.g., Fuller, 50 So. 3d at 28 (immunity applied to clerk of court's adjudication of traffic infractions and suspending drivers' licenses); Fong v. Forman, 105 So. 3d 650, 653 (Fla. 4th DCA 2013) (same); Dep't of Highway Safety v. Marks, 898 So. 2d 1063 (Fla. 5th DCA 2005) (decisions of a hearing officer); Andrews v. Fla. Parole Comm'n, 768 So. 2d 1257 (Fla. 1st DCA 2000) (decisions by the Parole Commission); Office of State Attorney, Fourth Judicial Cir. of Fla. v. Parrotino, 628 So. 2d 1097, 1098 (Fla. 1993) (decisions by state attorneys); Johnson v. Harris, 645 So. 2d 96, 98 (Fla. 5th DCA 1994) (immunity applied to a date stamp placed by a judge's assistant); see also Martin v. Hendren, 127 F. 3d 720, 721 (8th Cir. 1997) (immunity applied to a law enforcement officer's courtroom action taken at the judge's behest).

Rodriguez v. Tax Adjustment Experts of Fla., Inc., 551 So. 2d 537, 537–38 (Fla. 3d DCA 1989) (holding that a special master appointed by the Dade County Property Appraisal Adjustment Board is a quasi-judicial officer and immune from suit).

Affirmed.