PER CURIAM.
Appellant, Matthew T. Anderson, appeals a Final Judgment of Adoption by Stepparent which found that he abandoned his biological children and which terminated his parental rights. The sole issue on appeal is whether the trial court erred in failing to determine if appellant was indigent and therefore, entitled to appointment of counsel pursuant to O.A.H. v. R.L.A., 712 So.2d 4 (Fla. 2d DCA 1998). Appellant requests that this court hold, as the Second District did in O.A.H., that counsel should be appointed to represent a non-consenting parent in a contested adoption proceeding when that parent is indigent and the termination of rights is involuntary.
We need not address whether we would follow the Second District’s opinion in O.A.H. or apply its rationale to this case because the facts of this case are distinguishable. In O.A.H., the biological father was indigent, requested appointed counsel, and could not attend the adoption hearing because he was incarcerated. 712 So.2d at 5. After analyzing whether a contested *1051 adoption proceeding under chapter 63 involved state action so as to give rise to due process concerns, the Second District held that O.A.H., the biological father, was entitled to appointed counsel to represent his interests. Id. at 5-7. The record in the instant case, however, establishes that appellant secured counsel at different points in the proceedings below, i.e., to initiate visitation rights and modify his child support obligation under the dissolution of marriage judgment; to challenge the adoption proceeding before the final hearing; to challenge the judgment of adoption; and to proceed with this appeal. We, therefore, affirm the judgment of adoption.
ERVIN, BOOTH and DAVIS, JJ., concur.