HAWKES, J.
Appellant is the incarcerated, unmarried biological father of Baby Girl Jones. He argues indigence and that the trial court erred by denying him the assistance of appointed counsel in responding to Appel-lees’ petition to terminate his parental rights under chapter 68, Florida Statutes (2008). We agree and reverse.
Appellant made two separate requests for counsel.[1] In denying the second request, the trial court concluded chapter 63 does not require it to advise Appellant of his right to counsel or to appoint him counsel. Although it is true that chapter 63, unlike chapter 39, does not expressly provide for appointed counsel, such an entitlement is inherent where fundamental parental rights are subject to termination. See In the Interest of D.B., 385 So.2d 83, 91 (Fla.1980) (holding counsel is necessarily required under the due process clause of the Florida and Federal Constitutions in proceedings involving permanent termination of parental rights); see also O.A.H. v. R.L.A., 712 So.2d 4 (Fla. 2d DCA 1998) (reversing an order terminating an incarcerated father’s parental rights under chapter 63 where the father’s request for counsel was denied).
Accordingly, the order terminating Appellant’s parental rights and the final judgment of adoption are reversed[2] and the case is remanded. On remand, the trial court should: (1) Verify Appellant’s Affidavit of Indigency and appoint him counsel if he qualifies; (2) Allow the appointed counsel a reasonable opportunity to assist Appellant in complying with any statutory obligations; and (3) Hear anew the petition to terminate Appellant’s parental rights.
REVERSED and REMANDED for proceedings consistent with this opinion.
BENTON and POLSTON, JJ., concur.

. Appellant’s first request was made two days before the hearing on the petition to terminate his parental rights. His second request was made in a pleading the trial court construed as a motion for rehearing.

. The name change shall be left standing to lessen the decision’s impact on the child's life pending final resolution of this litigation. See O.A.H., 712 So.2d at 7.