PER CURIAM.
T.F. appeals the denial of his petition for a writ of habeas corpus, in which he sought relief from a July 2012 final order terminating his parental rights to A.M., his daughter.[1] In support of the petition, T.F. asserted that he was indigent, and, for that reason, the trial court denied him due process by failing to appoint counsel to represent him at the final hearing. Finding the circumstances of this case similar to those in Anderson v. Clark, 826 So.2d 1050 (Fla. 1st DCA 2002), where we held the father in a contested adoption proceeding was not entitled to appointed counsel, we affirm the order denying T.F.’s habeas corpus petition.
The instant proceedings began in October 2009, when T.F. filed a pro se petition to establish his paternity of A.M. and visitation with her. T.F. and the child’s mother, N.M., were never married. N.M. was residing outside of Florida; the child was in Florida, in the custody of her maternal grandmother. In response to T.F.’s attempt to assert his parental rights, the mother and grandmother independently filed pleadings seeking termination of his rights on grounds of abandonment.
*1206 An indigent parent is entitled to appointed counsel in proceedings that may lead to termination of his or her parental rights. See § 39.807(1), Fla. Stat. (2009); see also In the Interest of D.B., 385 So.2d 83, 91 (Fla.1980); G.C. v. W.J., 917 So.2d 998, 999 (Fla. 1st DCA 2005) (holding incarcerated indigent father was entitled to assistance of appointed counsel in termination of parental rights/adoption proceeding); O.A.H. v. R.L.A., 712 So.2d 4, 4 (Fla. 2d DCA 1998) (same). Here, although T.F. obtained a certificate of indigence when he initiated paternity proceedings in October 2009, the record establishes that he was able to secure legal representation at various times during the course of the proceedings — he hired the first of five attorneys in March 2010 — including to seek rehearing of the final judgment, and for subsequent appeals. Along the way, he filed an amended petition to establish paternity, in which he represented to the court that his financial standing had improved since filing his initial petition, such that he should have custody of A.M. And at the termination hearing, which occurred in July 2012, T.F. made no claim of indigence or inability to afford counsel.
Presented with substantially similar circumstances in Anderson, we concluded the father, whose rights had been terminated to permit the child’s adoption by a stepparent, was not entitled to appointed counsel. There, the father argued, relying on O.A.H., ■ that the trial court should not have terminated his parental rights without first determining if he was indigent, and therefore entitled to appointed counsel. We found he was not so entitled, because:
The record ... establishes that appellant secured counsel at different points in the proceedings below, i.e., to initiate visitation rights and modify his child support obligation under the dissolution of marriage judgment; to challenge the adoption proceeding before the final hearing; to challenge the judgment of adoption; and to proceed with this appeal.
Anderson, 826 So.2d at 1051. We reach the same conclusion in the instant case and, accordingly, AFFIRM the order denying T.F.’s habeas corpus petition.
THOMAS, MARSTILLER, and MAKAR, JJ., concur.

. In T.F. v. N.M., 117 So.3d 496 (Fla. 1st DCA 2013), this court dismissed T.F.’s direct appeal of the termination order as untimely, but without prejudice to his filing a habeas corpus petition in the lower court seeking belated appeal. See In Interest of E.H., 609 So.2d 1289 (Fla.1992).