NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of D.P., III, a child. )
                                  )
                                  )
M.M., )
                                  )
           Appellant, )
                                  )
v. )          Case No. 2D16-4982
                                  )
K.P., )
                                  )
           Appellee. )
                                  )

Opinion filed October 25, 2017.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Ita M. Neymotin, Regional Counsel,
Fort Myers, and Joseph Thye Sexton,
Assistant Regional Counsel, Bartow,
for Appellant.

Jeanne T. Tate and Erica T. Healey
of Jeanne T. Tate, P.A., Tampa,
for Appellee.

WALLACE, Judge.

         M.M., the Birth Mother, appeals from a judgment terminating her parental

rights to her one child in conjunction with a proceeding for a stepparent adoption under

chapter 63, Florida Statutes (2016). Because the trial court erred by failing to rule on the Birth Mother's timely filed motion for appointment of counsel, we reverse the judgment and remand for a new proceeding.

## I. THE FACTS AND PROCEDURAL BACKGROUND

Because we reverse on a narrow procedural ground, a detailed recitation of the underlying facts is unnecessary. It suffices to say that, following the dissolution of the marriage of the Birth Mother and the child's father in 2013, the Birth Mother absconded with the child, was eventually apprehended, and is now serving a sentence of five years' imprisonment for illegally removing the child from the state. Following the dissolution of marriage, the father married K.P., the appellee Stepmother.

The Stepmother petitioned for termination of the Birth Mother's parental rights and for adoption of the child in August 2016, alleging various grounds, including abandonment of the child resulting from the Birth Mother's incarceration. The clerk of the circuit court issued a summons to the Birth Mother, attaching the petition; the summons was personally served on the Birth Mother at her prison. The summons recited that the Birth Mother would have twenty days to respond to the petition, failing which a default would be entered against her. The summons additionally notified her of her right to counsel:

> If you cannot afford an attorney to represent you in this matter, you may be entitled to a court-appointed attorney. Only persons determined to be indigent are entitled to an attorney who is court-appointed. If you desire counsel and believe you may be entitled to representation by a court-appointed attorney, you must contact the Office of the Clerk of Court and request that an "Affidavit of Indigent Status" be mailed to you. That affidavit must be completed and returned to the Office of the Clerk of Court for review and a determination of whether you are indigent. You should act

- 2 -

immediately in submitting a request for counsel and copy your request on Petitioner so that any request can be promptly addressed.

The summons announced that the hearing on the petition was set for October 6, 2016, and informed the Birth Mother that, if incarcerated, she should make arrangements with her classification officer to attend the hearing. The summons recited the hearing judge's name and phone number and concluded with this warning written in all-caps:

Under sections 63.087 and 63.089, Florida Statutes, failure to timely file a written response to this notice and the petition with the court and to personally appear at this hearing scheduled on the petition constitutes grounds upon which the court shall end any parental rights you may have or assert regarding the minor child.

The return of service reflects service of the petition on the Birth Mother at her prison on August 26, 2016. Therefore, the deadline for serving a response to the petition would have been September 15, 2016. See Fla. R. Civ. P. 1.140(a) (requiring that "a defendant must serve an answer within 20 days after service of original process and the initial pleading"); Fla. Fam. L.R.P. 12.140 (same deadline). The Stepmother filed a motion for default on September 16, the twenty-first day after service of the summons, and the clerk entered a default that day.

The Birth Mother mailed a motion for extension of time to respond that was filed in the circuit court on September 22, 2016. The Birth Mother did not state a date in her certificate of service of this motion, nor was a prison date stamp affixed to the face of the motion. As a result, we cannot determine with certainty whether this motion was served within the twenty-day deadline set by the rules. In her motion, the Birth Mother acknowledged that she had been served with the summons on August 26;

the Birth Mother also asserted that she had sent a request for an indigency application on that date, which she had not received.[1]

Also filed in the trial court on September 22 was the Birth Mother's motion for appointment of counsel. This motion has a certificate of service dated September 14, 2016, one day before the twenty-day deadline for service of a response to the petition.[2] The record on appeal does not contain any orders disposing of the Birth Mother's motion for extension of time or motion for appointment of counsel, and the docket sheet attached to the record does not reflect any orders ruling on these motions. The judgment on appeal does not address the motions either.

On September 23, 2016, the Birth Mother served from prison her response to the petition, which was filed with the clerk on September 30. In her response, the Birth Mother acknowledges the court's jurisdiction and the underlying historical facts but denies the Stepmother's allegations made against her.

The Birth Mother's response is followed chronologically in the record by the final judgment of termination of parental rights, as well as a final judgment of

---

[1]The record on appeal does not include a request for an indigency application, and the docket attached to the record does not list it. The Birth Mother did not attach a copy of it to the motion for extension of time.

[2]We note that the mailbox rule for prisoners applies to civil as well as criminal cases. See Scullock v. Gee, 133 So. 3d 1208, 1209 (Fla. 2d DCA 2014); see also Griffin v. Sistuenck, 816 So. 2d 600, 601 (Fla. 2002) ("Under the mailbox rule, a notice is deemed filed when it is delivered to prison authorities for mailing."). In light of the mailbox rule and the Birth Mother's known status as a state prisoner, the better practice for the Stepmother would have been to allow at least five days after the twentieth day from the service of the summons for a response from the Birth Mother to arrive in the clerk's office by mail.

stepparent adoption,[3] both rendered on October 6, 2016. The termination judgment begins by reciting that the case "came to be heard on October 6, 2016,"[4] and that the Birth Mother "failed to appear (telephonically) at the hearing, despite being given an opportunity to do so." The court found further that the Birth Mother had not filed an indigency application, that she had failed to respond timely to the petition, that a clerk's default had been entered against her, that she was entitled to no further notice of the proceedings, and that she "has been deemed to have admitted the well-pled allegations of the [p]etition." The court terminated the Birth Mother's parental rights, finding that doing so was in the child's best interests and was the least restrictive means of protecting the child.[5] The final judgment of stepparent adoption entered on the same day declares the child to be the legal child of the Stepmother, with the father retaining his parental rights.

## II. DISCUSSION

The petition in the trial court was brought under chapter 63, which governs adoptions. Unlike chapter 39, Florida Statutes (2016), governing juvenile dependency,

---

[3]The judgment of stepparent adoption is not on appeal.

[4]There is no hearing transcript in the record. Because the error for which we reverse is apparent on the face of the record, this circumstance does not affect our disposition of the appeal. See Chirino v. Chirino, 710 So. 2d 696, 697 (Fla. 2d DCA 1998) ("[E]ven where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment.").

[5]The termination judgment recites sixteen bases for termination, reproducing verbatim the list found in the father's "affidavit of inquiry" attached to and referenced in the Stepmother's petition.
The Birth Mother untimely filed a motion for rehearing challenging the termination judgment, triggering a series of filings from both parties, none of which is relevant to our disposition of this appeal.

- 5 -

which has an explicit requirement that counsel be provided for indigent parents,[6] the sections of chapter 63 governing the termination of parental rights, see, e.g., §§ 63.063, .087-.089, include no such provision.  Nevertheless, under both the federal and Florida constitutions, the Birth Mother had a right to representation by counsel at the termination hearing and, if found indigent, the right to court-appointed counsel.  See In re D.B., 385 So. 2d 83, 90-91 (Fla. 1980) (holding in a dependency case "that counsel is necessarily required under the due process clause of the United States and Florida Constitutions, in proceedings involving the permanent termination of parental rights to a child" and that "where permanent termination or child abuse charges might result, counsel must be appointed for . . . the natural married or divorced indigent parents of the child"); G.C. v. W.J., 917 So. 2d 998, 999 (Fla. 1st DCA 2005) (holding that "[a]lthough it is true that chapter 63, unlike chapter 39, does not expressly provide for appointed counsel, such an entitlement is inherent where fundamental parental rights are subject to termination;" and reversing for the trial court to verify the appellant's affidavit of indigency and "appoint him counsel if he qualifies"); cf. O.A.H. v. R.L.A., 712 So. 2d 4, 4 (Fla. 2d DCA 1998) (holding that, under a former provision in chapter 63, "an indigent legal parent is entitled to appointed counsel in an adoption proceeding that involves the involuntary termination of his or her parental rights"); see also § 27.511(6)(a), Fla. Stat. (2016) ("The office of criminal conflict and civil regional counsel has primary responsibility for representing persons entitled to court-appointed

---

[6]§ 39.807(1)(a), Fla. Stat. (2016) ("At each stage of the proceeding under this part [part X, 'Termination of Parental Rights'], the court shall advise the parent of the right to have counsel present.  The court shall appoint counsel for indigent parents.").

counsel under the Federal or State Constitution or as authorized by general law in civil proceedings, including, but not limited to . . . proceedings to terminate parental rights under chapter 63."); § 27.40(2)(a) ("Private counsel shall be appointed to represent persons in those cases in which provision is made for court-appointed counsel but the office of criminal conflict and civil regional counsel is unable to provide representation due to a conflict of interest.").

The Birth Mother argues that the trial court erred by not addressing her motion for appointment of counsel, which, she contends, would likely have been granted.[7]  The Stepmother counters that the Birth Mother was not entitled to appointed counsel because she had not established indigency by the date of the final hearing.  As the parties' arguments reflect, the issue here is not the Birth Mother's right to counsel. Rather, the issue is whether the Birth Mother properly invoked that right and whether the trial court was required to address her motion for appointment of counsel before proceeding with the termination hearing.

We conclude that the trial court erred in failing to address the Birth Mother's motion for appointment of counsel.  Two reasons support this conclusion. First, although the Birth Mother failed to comply with the summons' instruction to request from and file with the clerk of the circuit court an "Affidavit of Indigent Status,"[8]

---

[7]The Birth Mother raises a second argument, which we need not address; the second argument is mooted by the resolution of her first argument concerning the appointment of counsel.

[8]The formal title of this form is "Application for Determination of Civil Indigent Status."  In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks and Amendment to Fla. Rule of Criminal Procedure 3.984, 969 So. 2d 285, 287-88 (Fla. 2007).

and to "act immediately,"[9] the Birth Mother timely filed a motion for appointment of counsel. The Birth Mother not only served the motion within the twenty-day time limit required by the rules for serving a response to the petition, but she also physically filed the motion two weeks before the scheduled termination hearing. See Fla. R. Civ. P. 1.140(a); Fla. Fam. L.R.P. 12.140; cf. G.C., 917 So. 2d at 999 n.1 ("Appellant's first [of two] request[s for appointment of counsel] was made two days before the hearing on the petition to terminate his parental rights.").

Second, we recognize that "it is generally necessary [in a civil proceeding] to bring a pending matter to the trial court's attention by having it noticed for hearing," Al-Hakim v. State, 783 So. 2d 293, 294 (Fla. 5th DCA 2001) (emphasis added). However, in an adoption proceeding such as the one under review that involves the involuntary termination of parental rights under chapter 63, the trial court errs when it fails to comply "with the dictates of O.A.H. by making an inquiry as to whether the [parent] would qualify for court-appointed counsel and, if so, offering him [or her] representation." M.G.C. v. M.C., 899 So. 2d 486, 487 (Fla. 2d DCA 2005). Accordingly, it was unnecessary for the Birth Mother to take any extra steps to have her motion addressed by the court. Indeed, the language of the summons would lead a recipient to believe that a request for counsel would be addressed upon the mere filing of the request.[10] Furthermore, a quick perusal of the docket by the trial court before the

---

[9]We note that the Birth Mother asserted in her motion that she had attempted to comply with the procedure outlined in the summons.

[10]We note that the simplest resolution of the motion would have been a denial without prejudice to the Birth Mother to file an indigency application with the clerk within a reasonable time, after which the court would rule on the motion.

termination hearing would have disclosed the pending motion for counsel as well as the Birth Mother's motion for an extension of time to respond to the petition.

We reject the Stepmother's argument that any error associated with the trial court's failure to appoint counsel is harmless. The First District Court of Appeal disposed of a similar argument in the context of a dependency case as follows:

> The Department has argued that the father failed to preserve arguments concerning the right to counsel as he did not request counsel during the shelter hearing. However, the statutory scheme and rule cited above indicate it is the responsibility of the trial court to ensure the parent's right to counsel is respected, not the parent. Moreover, violations of the right to counsel are considered fundamental error which can be addressed for the first time on appeal. See State v. DiGuilio, 491 So. 2d 1129, 1137 (Fla. 1986) (stating "[d]enial of counsel is always harmful, regardless of the strength of admissible evidence, and can be properly categorized as per se reversible [error]").

A.G. v. Fla. Dep't of Children & Families, 65 So. 3d 1180, 1183 n.1 (Fla. 1st DCA 2011) (alterations in original) (emphasis added). We conclude that the principle should be no different for a chapter 63 termination case. See O.A.H., 712 So. 2d at 4; G.C., 917 So. 2d at 999. We also reject the Stepmother's argument that the appointment-of-counsel issue is a moot point because the Birth Mother failed to appear telephonically at the termination hearing. The motion for appointment of counsel preceded the termination hearing procedurally and chronologically; had the motion been appropriately resolved, the failure to appear would not likely have occurred.

### III. CONCLUSION

In conclusion, we reverse the final judgment of termination of parental rights and remand for a new hearing. As the trial court has already appointed counsel for the Birth Mother for purposes of this appeal based on an Application for

Determination of Civil Indigent Status approved by the clerk of the circuit court, the trial court shall appoint counsel for the proceedings on remand. The trial court shall also vacate the clerk's default. In addition, although the point is not formally before us, our reversal of the termination judgment will necessarily require the vacation of the final judgment of stepparent adoption.

Reversed and remanded with instructions.

MORRIS and BADALAMENTI, JJ., Concur.